Filed 4/29/22  P. v. Ybarra CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LISA CHANTEL YBARRA,<br><br>    Defendant and Appellant. | H048895<br>(Monterey County<br>Super. Ct. No. 17CR005264) |

**MEMORANDUM OPINION**[1]

Defendant Lisa Chantel Ybarra pleaded no contest to manufacturing a controlled substance.  (Health & Saf. Code, § 11379.6, subd. (a).)  The trial court sentenced Ybarra to three years in county jail and suspended execution of two years six months in jail, during which time she would be under mandatory supervision.  The court also imposed an "acceleration clause" specifying that if Ybarra was released from actual jail custody before completing the imposed custody period, the period of mandatory supervision would begin on the date of her actual release.

After 91 actual days in custody, Ybarra was released from jail, but she failed to report to the probation department as required under the terms of her mandatory

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)  The facts of the offense are immaterial to the appeal.

supervision.  The probation department filed a notice of violation, and Ybarra admitted the violation, whereupon the trial court revoked her mandatory supervision.  The trial court then ordered Ybarra to spend the remainder of her three years in county jail minus credit for time served and conduct credits.  Ybarra objected on the grounds that the acceleration clause only authorized the court to impose custody for the remaining balance of her two-year six-month mandatory supervision period.  The trial court imposed the sentence over her objection.

On appeal, Ybarra contends the trial court erred by imposing custody for the remaining three years of the total sentence instead of the balance of the two years six-month mandatory supervision period under the acceleration clause.  While this appeal was pending, however, both parties agreed Ybarra completed the sentence and she was released from custody.   Both parties now concede the appeal is moot.

The concessions are well-taken.  " '[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal' " as moot.  (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132, quoting *Consolidated Vultee Aircraft Corp. v. United Auto Workers* (1946) 27 Cal.2d 859, 863.)  Because Ybarra has served the term imposed and is no longer in custody, we cannot grant any effectual relief.  Accordingly, we will dismiss the appeal as moot.

DISPOSITION

The appeal is dismissed as moot.

2

_____

Greenwood, P. J.

WE CONCUR:


_____

 Grover, J.


_____

 Lie, J.


People v. Ybarra
No. H048895