Filed 3/7/23  Quintero v. Dolgen California, LLC CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAZMINE QUINTERO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOLGEN CALIFORNIA, LLC,<br><br>    Defendant and Appellant. | F083769<br><br>(Super. Ct. No. VCU287566)<br><br><br>**ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT]** |

It is hereby ordered that the nonpublished opinion filed herein on February 10, 2023, be modified as follows:

1.    On page 2, the following citation is added to the end of the first full paragraph, beginning "Based on *Viking River*…"

> (See *Galarsa v. Dolgen California, LLC* (Feb. 2, 2023, F082404)
> __ Cal.App.5th __ [2023 Cal.App. Lexis 129].)

2.    On page 4, in the third sentence of the last paragraph, the phrase "*Galarsa v. Dolgen California, LLC* (Feb. 2, 2023, F082404), which we did not publish because it will soon be superseded by the decision in *Adolph*" is deleted and replaced with "*Galarsa v. Dolgen California, LLC* (Feb. 2, 2023, F082404) __ Cal.App.5th __ [2023 Cal.App. Lexis 129]" so the sentence now reads:

> "We have already decided that and other issues involving Dollar General's arbitration agreement in *Galarsa v. Dolgen California, LLC* (Feb. 2, 2023, F082404) ___ Cal.App.5th __ [2023 Cal.App. Lexis 129]."

Except for the modification set forth, the opinion previously filed remains unchanged. This modification does not effect a change in the judgment.

FRANSON, Acting P. J.

WE CONCUR:

PEÑA, J.

SNAUFFER, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| JAZMINE QUINTERO,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DOLGEN CALIFORNIA, LLC,<br><br>    Defendant and Appellant. | F083769<br><br>(Super. Ct. No. VCU287566)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Nathan D. Ide, Judge.

McGuire Woods and Sabrina A. Beldner for Defendant and Appellant.

Potter Handy, Mark D. Potter, and James Michael Treglio for Plaintiff and Respondent.

-ooOoo-

Plaintiff Jazmine Quintero sued her former employer, Dolgen California, LLC (Dollar General), to recover civil penalties under the Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.)[1] for various Labor Code violations suffered by

---

[*]    Before Franson, Acting P. J., Peña, J. and Snauffer, J.

[1]    Unlabeled statutory references are to the Labor Code.

her or by other employees.  Dollar General moved to compel arbitration, which the superior court denied.

Based on *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. ___ [142 S.Ct. 1906] (*Viking River*) and the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.), we conclude the parties' agreement requires arbitration of plaintiff's PAGA claims that seek to recover civil penalties for Labor Code violations *suffered by plaintiff.*  On an issue of California law currently pending before the California Supreme Court, we conclude plaintiff's PAGA claims that seek to recover civil penalties for Labor Code violations *suffered by employees other than plaintiff* may be pursued by plaintiff in the superior court.

Therefore, the order denying Dollar General's motion to compel arbitration is reversed in part and affirmed in part.

## FACTS AND PROCEEDINGS

In December 2019, plaintiff applied for employment with Dolgen California, LLC (Dollar General), a wholly owned subsidiary of Dollar General Corporation.  She was employed by Dollar General from December 14, 2019, until January 4, 2021, when she resigned.

As part of the application and hiring process, plaintiff accessed Dollar General's web-based Express Hiring system, which allows persons to receive, review, and acknowledge documents related to their hiring and employment.  On December 5, 2019, plaintiff electronically signed Dollar General's arbitration agreement.  She also marked the box stating she agreed to its terms and understood that by checking the box, both Dollar General and she would be bound by the arbitration agreement's terms.  The agreement also contained an opt-out provision.  Plaintiff did not opt out.

The arbitration agreement stated Dollar General "has a process for resolving employment related legal disputes with employees that involves binding arbitration."  It also stated:

2.

"You agree that, with the exception of certain excluded claims described below, any legal claims or disputes that you may have against Dollar General … arising out of your employment with Dollar General or termination of employment with Dollar General ("Covered Claim" or "Covered Claims") will be addressed in the manner described in this Agreement. You also understand that any Covered Claims that Dollar General may have against you related to your employment will be addressed in the manner described in this Agreement.

"**Class and Collective Action Waiver:  You and Dollar General may not assert any class action, collective action, or representative action claims in any arbitration pursuant to this Agreement or in any other forum. You and Dollar General may bring individual claims or multi-plaintiff claims joining together not more than three plaintiffs, provided that the claims are not asserted as a class, collective or representative action.  Non-representative, multi-plaintiff arbitrations (up to the three-plaintiff limit) may only be filed if each of the plaintiff's claims: (1) arises out of the same transaction, occurrence, or series of transactions or occurrences; (2) arises out of the same work location; and (3) presents a common question of law or fact.  A challenge to a multi-plaintiff action can be initiated by any party by filing a motion to dismiss or sever one or more parties.  The arbitrator shall rule upon the motion to dismiss or sever based upon the standards set forth in this Paragraph.  NOTE:  This waiver does not apply to claims under the National Labor Relations Act.**"

The arbitration agreement stated its procedures "will be the exclusive means of resolving Covered Claims relating to or arising out of your employment or termination of employment with Dollar General."  The covered claims included "claims alleging violations of wage and hour laws … and claims alleging violation of any other state or federal laws, except claims that are prohibited by law from being decided in arbitration."  The agreement's severability clause stated:  "If any parts of this Agreement are found to be invalid, illegal, or unenforceable, the validity, legality, and/or enforceability of the remaining provisions will not be affected by that decision, and any invalid, illegal or unenforceable provisions shall be modified or stricken."

In April 2021, plaintiff's attorney mailed a written notice to the Labor and Workforce Development Agency and defendant pursuant to section 2699.3 that identified

claims for violations of sections 201, 202, 203, 204, 210, 226, 226.7, 227.3, 512, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, and IWC Wage Order No. 5-2001. Over 65 days passed without the agency responding to plaintiff's notice.

## PROCEEDINGS

In June 2021, plaintiff filed a complaint seeking civil penalties under PAGA for violations of the Labor Code sections identified in her section 2699.3 notice.

In August 2021, Dollar General filed a motion to compel arbitration and stay the proceeding pending a ruling on the motion and completion of arbitration. The motion was supported by a declaration of Debbie Roach, "a Senior Manager, HR Shared Services, for Dollar General Corporation," and a declaration of Mia Sovaloja, "the Senior Director for Store Operations Planning and Communication for Dollar General Corporation." Dollar General argued that plaintiff must individually arbitrate the alleged wage and hour violations that involved her and asserted plaintiff had strategically filed an action with only PAGA claims to avoid her contractual obligation to arbitrate those alleged violations.

In November 2021, the superior court held a hearing and counsel appeared using CourtCall. The court adopted its tentative ruling to deny the motion and stated: "As California law stands at present, however, plaintiff's PAGA claims are not waivable and she cannot be compelled to arbitrate them." Dollar General appealed.

## DISCUSSION

An issue in this appeal is whether plaintiff's PAGA claims seeking civil penalties for Labor Code violations *suffered by employees other than plaintiff* may be pursued by plaintiff in court. The issue is pending before the California Supreme Court. (*Adolph v. Uber Technologies, Inc.* (2022) (Aug. 1, 2022, S274671) [2022 Cal. Lexis 5021].) We have already decided that and other issues involving Dollar General's arbitration agreement in *Galarsa v. Dolgen California, LLC* (Feb. 2, 2023, F082404), which we did not publish because it soon will be superseded by the decision in *Adolph*. We note, in

4.

*Silva v. Dolgen California, LLC* (Oct. 21, 2022, E078185) review granted Jan. 25, 2023, S277538—another case involving Dollar General's arbitration agreement—our Supreme Court granted review and deferred briefing pending a decision in *Adolph*, which suggests the court will do the same in *Galarsa* and this case.

Consequently, there is no need for this opinion to contain a detailed discussion of the issues. Instead, a disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, Standard 8.1 is appropriate. (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions]; Cal. Const., art. VI, § 14 [appellate decisions "shall be in writing with reasons stated"].)

*Conclusion One*: *Viking River* and the FAA (9 U.S.C. § 1 et seq.) do not invalidate the rule of California law that a provision in an arbitration agreement purporting to waive an employee's right to pursue representative actions is not enforceable as to representative claims pursued under PAGA.[2] (See *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 360 ["an arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy"], abrogated on another ground by *Viking River*, *supra*, 142 S.Ct. 1906.)

*Conclusion Two*: The severability clause in the arbitration agreement allows the unenforceable waiver provision to be stricken from the agreement. (*Viking River*, *supra*, 142 S.Ct. at p. 1925.)

*Conclusion Three*: The provisions of the arbitration agreement remaining after the invalid waiver of representative claims is stricken cover the PAGA claims that seek to recover civil penalties for Labor Code violations *suffered by plaintiff*. Consequently,

---

[2]    All claims pursued by a plaintiff employee under PAGA are "representative" and seek the recovery of civil penalties that must be distributed 75 percent to the Labor and Workforce Development Agency and 25 percent to the employee aggrieved by the Labor Code violation. (§ 2699, subd. (i).)

those claims must be sent to arbitration in accordance with the principles established by *Viking River*.[3]

 *Conclusion Four*: Plaintiff's PAGA claims that seek to recover civil penalties for Labor Code violations *suffered by employees other than plaintiff* may be pursued by plaintiff in court. Based on our interpretation of PAGA, plaintiff is an "aggrieved employee" with PAGA standing (§ 2699, subd. (c)). Also, California's general rule against splitting a cause of action does not prevent PAGA claims involving Labor Code violations suffered by plaintiff from being arbitrated while PAGA claims involving Labor Code violations suffered by other employees are pursued in court because the two categories of claims did not seek to vindicate the same primary right.

## DISPOSITION

 The order denying the motion to compel arbitration is reversed in part and affirmed in part. The order is reversed as to plaintiff's PAGA claims that seek to recover civil penalties for Labor Code violations suffered by plaintiff; those claims must be sent to arbitration. The order is affirmed as to plaintiff's PAGA claims that seek to recover civil penalties for Labor Code violations suffered by employees other than plaintiff; those claims may be pursued in the superior court.

 In the interest of justice, no party shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

---

**3**  We reject plaintiff's argument that the PAGA claims are excluded from the agreement to arbitrate by the clause that excludes "claims that are prohibited by law from being decided in arbitration." First, the PAGA claims seeking civil penalties for Labor Code violations suffered by plaintiff are required to be arbitrated by the predispute arbitration agreement and the FAA, as interpreted in *Viking River*. Second, the remaining PAGA claims seeking civil penalties for Labor Code violations suffered by employees other than the plaintiff are not necessarily prohibited by law from being arbitrated. In particular, plaintiff has not demonstrated that California law prohibits an aggrieved employee, *after becoming an authorized representative of the state*, from agreeing with an employer to arbitrate the remaining PAGA claims seeking civil penalties for Labor Code violations suffered by other employees.