Filed 5/8/23 P. v. Johnson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND LEON JOHNSON,<br><br>    Defendant and Appellant. | H049600<br>(Santa Clara County<br>Super. Ct. No. 203073) |

### MEMORANDUM OPINION[1]

Raymond Leon Johnson appeals from the trial court's order denying recall of his sentence pursuant to Penal Code section 1170, subdivision (d).[2] The Attorney General concedes that the order must be reversed and the matter remanded for reconsideration in light of section 1172.1. We accept the Attorney General's concession and remand.

In 1998, a jury convicted Johnson of rape, forcible oral copulation, and failing to register as a sex offender.[3] (§§ 261, subd. (a)(2), 288a, subd. (c), 290, subd. (g)(2).) The trial court thereafter found true the allegation that Johnson had previously been convicted of a serious felony, pursuant to section 667, subdivision (a). The trial court sentenced

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

[2] Subsequent undesignated statutory references are to the Penal Code unless otherwise indicated.

[3] The facts of the offense are immaterial to this appeal.

Johnson to a total term of 105 years to life in prison.  This sentence included a five-year consecutive term for the serious felony enhancement.  Johnson's conviction and sentence were affirmed on appeal.  (*People v. Johnson* (Oct. 7, 1999, H018720) [nonpub. opn.].)

In February 2020, the Secretary of the California Department of Corrections and Rehabilitation (the Secretary) submitted a letter to the trial court, recommending that it recall Johnson's sentence under former section 1170, subdivision (d).[4]  The letter referenced a legislative change to section 1385 that granted trial courts the discretion to dismiss a prior serious felony enhancement in furtherance of justice.[5]

The trial court appointed the public defender to represent Johnson and invited Johnson to submit any materials that he wished the court to consider in light of the Secretary's recall recommendation.  On September 27, 2021, after both parties filed papers, the trial court denied recall of Johnson's sentence without holding a hearing.  In a written order, the court ruled that although Senate Bill No. 1393 applied retroactively to cases that were not yet final, Johnson's case was final, making him ineligible for relief. The court stated, "While this Court recognizes that a recommendation from the Secretary of the CDCR provides a court with the authority to recall a sentence, the Court declines to use that authority in a manner that is inconsistent with the law."  Johnson timely appealed from the trial court's order.

On appeal, Johnson argues that the trial court erred by concluding that Senate Bill No. 1393 did not apply retroactively to his case.  The Attorney General concedes this point and agrees that we should reverse and remand this matter for the trial court to

---

[4] The Legislature subsequently amended the recall and resentencing provision of section 1170, subdivision (d), to section 1170.02.  (Assem. Bill No. 1540, Stats. 2021, ch. 719, §§ 1-7.)  It later renumbered the provision to section 1172.1 without substantive change.  (Assem. Bill No. 200, Stats. 2022, ch. 58, § 9.)  For clarity, we cite section 1172.1 to refer to the current version of the recall and resentencing provision, and "former section 1170(d)" to refer to the provision as it existed prior to recent legislation.

[5] Though not expressly cited, it is clear from context that the Secretary was referencing Senate Bill No. 1393.  (Senate Bill No. 1393, Stats. 2018, ch. 1013, §§ 1, 2.)

consider the Secretary's recommendation pursuant to section 1172.1. The Attorney General's concession is well-taken.[6]

In *People v. E.M.* (2022) 85 Cal.App.5th 1075 (*E.M.*), this court found under similar circumstances that " 'upon the recommendation of the Secretary of CDCR . . . trial courts have the authority to recall and resentence defendants based on post-judgment changes in the law giving courts discretion to strike or dismiss enhancements, even when the judgment in the case is long since final. . . .' [Citations.]" (*E.M., supra*, at p. 1090.) In that case too, the trial court denied recall of E.M.'s sentence, finding that while Senate Bill No. 1393 applied retroactively to cases that were not yet final, E.M. was ineligible for relief because his case was final. (*Id.* at p. 1081.) In reversing the order, we concluded that the trial court erred by denying recall on the premise that Senate Bill No. 1393 did not apply to E.M.'s case because it was final. (*Id.* at p. 1090.) We agreed with several other courts and held that finality of a defendant's conviction did not preclude a trial court from applying ameliorative enactments when undertaken upon the recommendation of the Secretary. (*Ibid.*)

As in *E.M.*, the Secretary here recommended recall of Johnson's sentence based on Senate Bill No. 1393, and the trial court denied recall on the same erroneous ground—namely that Senate Bill No. 1393 did not apply retroactively to Johnson's case because it was final at the time of the recall recommendation. Johnson is entitled to have the trial court consider the Secretary's recommendation based on the ameliorative effect of Senate Bill No. 1393—"regardless of the date of the offense of conviction"—because upon the recommendation of the Secretary, trial courts have the authority to recall and resentence

---

[6] The Attorney General also filed an unopposed motion to augment the record or to take judicial notice in case No. 203073, seeking to augment the record with the reporter's transcripts of proceedings from the underlying jury trial and sentencing hearing. These transcripts were a part of the trial court's original proceedings but were certified destroyed as of November 2009. We grant the Attorney General's motion and order the record augmented with the transcripts attached to the motion.

defendants based on post-judgment changes in the law that give courts discretion to strike or dismiss enhancements. (*E.M., supra*, 85 Cal.App.5th at p. 1090.) The trial court erred in denying recall on the ground that Senate Bill No. 1393 did not apply retroactively to Johnson's case.

## DISPOSITION

The order denying recall is reversed, and the matter is remanded to the trial court to consider whether to recall Johnson's sentence and resentence him in accordance with Penal Code section 1172.1.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Danner, J.

People v. Johnson
H049600