Filed 10/5/23  Conservatorship of Daniel R. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Conservatorship of the Person of Daniel R. | |
| SONOMA COUNTY PUBLIC CONSERVATOR,<br><br>     Petitioner and Respondent,<br><br>v.<br><br>DANIEL R.,<br><br>     Objector and Appellant. | A167485<br><br>(Sonoma County<br>Super. Ct. No. SPR-089657) |

Daniel R. appealed from an order renewing the conservatorship over him under the provisions of the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.) (LPS).  He argues that the order must be reversed since he was never adequately advised of his right to a jury trial and because substantial evidence does not support the imposition of various disabilities.  Because we agree that the record does not demonstrate that

1

Daniel personally waived his right to a jury trial, we reverse in this memorandum opinion.[1]

Respondent Sonoma County Public Conservator (Public Conservator) in November 2016 filed a petition for the imposition of an LPS conservatorship over Daniel.  The trial court found Daniel to be gravely disabled in January 2017, appointed the Public Conservator as his conservator, and issued letters of conservatorship.  The conservatorship was renewed five times.

The trial court most recently ordered the renewal of Daniel's conservatorship (for a sixth time) on March 15, 2023, following a court trial.  Nowhere in the reporter's transcripts or the minute orders of the hearings leading up to the renewal does it appear that Daniel was advised of his right to a jury trial regarding the reappointment of the Public Conservator, or that he personally waived the right.

A proposed conservatee in LPS proceedings "shall have the right to demand a court or jury trial on the issue of whether the person is gravely disabled." (Welf. & Inst. Code, § 5350, subd. (d)(1).)  "This right shall also apply in subsequent proceedings to reestablish conservatorship." (*Id.*, subd. (d)(3).)  "LPS commitment proceedings require the court to obtain a personal waiver of the right to a jury trial from the proposed conservatee." (*Conservatorship of Heather W.* (2016) 245 Cal.App.4th 378, 383.) Participation in a court trial does not forfeit or waive the right to a jury trial. (*K.R. v. Superior Court* (2022) 80 Cal.App.5th 133, 137.)  And such an error is not harmless even if evidence supports the finding that the

_____

[1] A memorandum opinion contains "little or no reference to the evidence or the procedural history of the action and . . . an abbreviated discussion of the relevant legal issues and authorities." (*People v. Garcia* (2002) 97 Cal.App.4th 847, 850.)

conservatee is gravely disabled.  (*Conservatorship of Heather W.*, *supra*, 245 Cal.App.5th at p. 384.)  The Public Conservator does not dispute the error, as it declined to file a respondent's brief.

The order reappointing the Public Conservator is reversed.  Because we reverse the order, we need not decide whether the imposition of disabilities was supported by substantial evidence, as the imposition was based on the testimony presented to the trial court alone.

_____
Humes, P.J.


WE CONCUR:



_____
Margulies, J.



_____
Getty, J.*




     *Judge of the Superior Court of the County of Solano, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*Conservatorship of the Person of Daniel R.*  A167485

4