[L.A. No. 29765. In Bank. Dec. 28, 1970.]

ALFRED B., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Weberg, MacKenzie & Young, Lawrence R. Young, Lyle M. MacKenzie and David F. Aberson for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**WRIGHT, C. J.**—Petitioner, a 16-year-old minor charged with several serious offenses, was certified to the superior court for trial as a person not amenable to the care and treatment available through the juvenile court. As in *In re Jimmy H., ante,* p. 709 [91 Cal.Rptr. 600, 478 P.2d 32], the stated reason given by the juvenile court judge for certifying petitioner for trial as an adult was that section 1800 et seq. of the Welfare and Institutions Code which gave the Youth Authority power to detain him beyond his twenty-first birthday were probably unconstitutional. We concluded in *In re Jimmy H., supra, ante,* p. 709, that certification of a minor by the juvenile court to the superior court for prosecution as an adult upon such a basis rather than upon the entire record before it is improper. Accordingly, petitioner is entitled to a hearing in which the juvenile court, applying the proper criteria, determines whether petitioner is amenable to treatment as a juvenile.

Let a writ of mandate issue directing respondent court to reconsider petitioner's amenability to treatment as a juvenile in accordance with the views expressed herein.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.