118 Cal.Rptr.2d 662 (2002)
97 Cal.App.4th 847
The PEOPLE, Plaintiff and Respondent,
v.
Steven Anthony GARCIA, Defendant and Appellant.
No. F034831.
Court of Appeal, Fifth District.
April 15, 2002.
As Modified April 17, 2002.
Review Denied July 24, 2002.
*664 Jerome P. Wallingford, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

*663 OPINION

DIBIASO, J.
This court has recently experimented in selected cases with memorandum opinionsthat is, opinions with little or no reference to the evidence or the procedural history of the action and with an abbreviated discussion of the relevant legal issues and authorities. We take the opportunity presented by appellant Steven Anthony Garcia's petition for rehearing to confirm the propriety of memorandum opinions in unpublished cases and to signal the bar that it will likely see an increase in the frequency of such opinions, civil and criminal, from this court.[1]

DISCUSSION

I.
Review by the Courts of Appeal can serve three purposesthe determination of the legal correctness of the challenged trial court action, the progressive development of the law, and, to some degree but less so than review by the Supreme Court, the uniformity of the law in the jurisdiction. (See People v. Rojas (1981) 118 Cal.App.3d 278, 289; Aldisert, Opinion Writing (1990), § 2.9, p. 21; Cal. *665 Rules of Court, rule 976(b).)[2] The publication of an opinion of the Court of Appeal is warranted only when one or both of the latter two goals are advanced. Thus, rule 976(b) authorizes publication of those opinions which establish a new rule of law, apply an existing rule to a set of facts significantly different from the facts involved in a published opinion, modify or criticize an existing rule of law, resolve or create an apparent conflict in the law, address a legal issue of continuing public interest, or make a significant contribution to the legal literature by reviewing either the development of a common law rule or the legislative or judicial history of a provision of a constitution, statute, or other written law. (See also the Rules of the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit Rules"), rule 36-2.)[3]
An opinion which has none of these attributes furthers only the "review for correctness" function of the Court of Appeal, and, as such, does not merit extensive factual or legal statement.[4](People v. Rojas, supra, 118 Cal.App.3d at p. 289.) A meticulously crafted but unpublished legal essay, replete with extended analyses of law and expositions of reasoning and which distinguishes authorities and responds to every nuance of argument in the parties' briefs, requires the devotion of a share of the Court of Appeal's limited human and material resources far out of proportion to the utility of the effort. (See 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 682, pp. 715-716.) An unpublished opinion has a limited audience, for the most part only the parties, and, beyond the ultimate disposition, is of little worth even to the parties. The parties already know (or should know) the facts of the case and its procedural history, and it is likely the winner does not care about how the court arrived at the favorable result and the loser probably would not be convinced by the reasoning no matter how long or specific it is, or, more to the point, how persuasive the court might think it is.
To the extent an unpublished opinion may have a lingering legal significance to the parties or other affected persons or entities (see rule 977(b)), a comprehensive decision is still unneeded. Whether a prior memorandum opinion establishes the law of the case can be resolved by reference to the issues and reasons expressed in the opinion as dispositive of the appeal; any unmentioned issues would arguably be unbinding dicta. (Kowis v. Howard (1992) 3 Cal.4th 888, 892-893, 12 Cal.Rptr.2d 728, 838 P.2d 250; Olson v. Cory (1983) 35 Cal.3d 390, 399, 197 Cal.Rptr. 843, 673 P.2d 720 [applying doctrine to issues "implicitly decided" in prior case]; Quackenbush v. Superior Court (2000) 79 Cal. App.4th 867, 874, 94 Cal.Rptr.2d 282 [doctrine does not apply to dicta]; Muktarian v. Barmby (1968) 264 Cal.App.2d 966, 968, 70 Cal.Rptr. 903 [doctrine does not apply to facts]; see Ninth Circuit Rules, rule 36-3(b).) If more information is necessary, resort can be had to the trial and appellate records. (9 Witkin, Cal. Procedure, supra, *666 Appeal, § 906, p. 942 [records in the two trial court proceedings may be compared]; see People v. Woodell (1998) 17 Cal.4th 448, 456, 71 Cal.Rptr.2d 241, 950 P.2d 85 [the record of conviction for the purposes of determining whether a prior conviction qualifies as a serious felony includes but is not limited to the appellate opinion].) Substantially the same is true where the question involves the application of the principles of res judicata and collateral estoppel. (See 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 292, p. 837; Ninth Circuit Rules, rule 36-3(b).) When a memorandum opinion is "relevant to criminal or disciplinary action or proceeding because it states reasons for a decision affecting the same defendant or respondent in another such action or proceeding," either the opinion, if it includes the pertinent information, or the records underlying the opinion, can be consulted. (Rule 977(b); see People v. Woodell, supra, 17 Cal.4th at p. 456, 71 Cal.Rptr.2d 241, 950 P.2d 85.)
Whatever interest an appellate opinion may have to the parties or persons or entities legally affected by the decision, it has essentially no value beyond them, because it provides no usefulor perhaps more accurately, no usableguidance to the bench, bar, or public. (Rule 977(a).)
The late Bernie Witkin long ago said what is even more compelling today:
"Why do appellate courts write opinions in nearly all the appeals that come before them? Judges and lawyers have been asking this question with increasing concern, and no one has come up with a satisfactory answer. We plow and replow the fields of precedent, burying leading cases in an incredible mass of repetitive churnings of settled law, exhausting the appellate justices and the appellate lawyers, because it has always been done this way. But we are now faced with the realization that the individually prepared legal essay, the product of countless hours of precious judicial time, is an impossible procedure for handling today's monstrous caseload, and in the majority of appeals it serves no useful social purpose. [¶] ... [¶]
"This is the heart of the problem: There is no reason and no time for legal essays to be written on all appealed cases, whether the essays are long or short. The full-scale opinion, stating the nature of the action, the issues, the facts, the law, and the reasoning that leads to the decision, should be reserved for cases in which that opinion will add something of significance to the law new principles or rules, or new applications of old principles or rules." (Witkin, Manual on Appellate Court Opinions (1977) § 131, pp. 255-256.)
Memorandum opinions may vary in style, from a stereotyped checklist or "fill in the blanks" form to a tailored summary of the critical facts and the applicable law. (9 Witkin, Cal. Procedure, supra, Appeal, § 681, pp. 714-715; Witkin, Manual on Appellate Court Opinions, supra, §§ 142, 143, pp. 265-266; Aldisert, Opinion Writing, supra, § 2.8, p. 20.) The briefest formats are appropriate in cases where the result is controlled by an admittedly constitutional statute and which present no special question of interpretation or application, cases where the result is controlled by an opinion of the Supreme Court of the United States or the Supreme Court of California, or, in the absence of either, where the result is consistent with an intermediate federal or state appellate decision with which the court agrees, cases where the factual contentions are subject to the routine application of the substantial evidence rule, cases decided by applying the authority of a companion case, cases in which the result is mandated by the United *667 States Supreme Court, and cases where the appeal is not maintainable. (9 Witkin, Cal. Procedure, supra, Appeal, § 684, pp. 717-718; Witkin, Manual on Appellate Court Opinions, supra, § 135.)[5]
A memorandum decision does not automatically violate the constitutional mandate that appellate opinions state the reasons for the disposition. (Cal. Const., art. VI, § 14; Lewis v. Superior Court (1999) 19 Cal.4th 1232, 1264, 82 Cal. Rptr.2d 85, 970 P.2d 872; People v. Rojas, supra, 118 Cal.App.3d at pp. 288-289; 9 Witkin, Cal. Procedure, supra, Appeal, § 681, p. 714; Witkin, Manual on Appellate Court Opinions, supra, § 132, p. 256.) "[A]n opinion sufficiently states `reasons' if it sets forth the `grounds' or `principles' upon which the justices concur in the judgment." (Lewis v. Superior Court, supra, 19 Cal.4th at p. 1262, 82 Cal.Rptr.2d 85, 970 P.2d 872.) An appellate court is not required to address all of the parties' respective arguments, discuss every case or fact relied upon by the parties, distinguish an opinion just because a party claims it is apposite, or express every ground for rejecting every contention advanced by every party. (Id. at pp. 1263-1264, 82 Cal. Rptr.2d 85, 970 P.2d 872; People v. Rojas, supra, 118 Cal.App.3d at pp. 288-289.) The California Supreme Court has not been reluctant to give short shrift to deserving issues. (See e.g., People v. Mendoza Tello (1997) 15 Cal.4th 264, 62 Cal.Rptr.2d 437, 933 P.2d 1134; Linhart v. Nelson (1976) 18 Cal.3d 641, 645, 134 Cal. Rptr. 813, 557 P.2d 104 ["having examined defendants' other contentions, we find them of insufficient merit to warrant discussion"]; County of Nevada v. Superior Court (1974) 10 Cal.3d 663, 111 Cal.Rptr. 568, 517 P.2d 832; Alfred B. v. Superior Court (1970) 3 Cal.3d 718, 91 Cal.Rptr. 605, 478 P.2d 37; In Re Ckargin (1970) 2 Cal.3d 617, 87 Cal.Rptr. 709, 471 P.2d 29; Bradshaw v. Superior Court (1970) 2 Cal.3d 332, 85 Cal.Rptr. 136, 466 P.2d 680; Cline v. Credit Bureau Of Santa Clara Valley (1970) 1 Cal.3d 908, 83 Cal.Rptr. 669, 464 P.2d 125; County Of San Diego v. Superior Court (1970) 1 Cal.3d 677, 83 Cal.Rptr. 607, 464 P.2d 63; People v. Seals (1970) 1 Cal.3d 574, 82 Cal.Rptr. 873, 462 P.2d 993.)
Of course, an adequate abbreviated opinion must not mask an inadequate abbreviated appellate review. A memorandum opinion, no matter its format, should represent the end-product of an internal evaluation by the court and its staff sufficient to ensure that the disposition reflects the correct legal result. Ordinarily, the process will include substantiation of the material facts cited by the parties and confirmation of the controlling law, whether or not cited by the parties, and a thorough analysis of the arguments of the parties based upon the material facts and the applicable law. (See 9 Witkin, Cal. Procedure, supra, Appeal, § 682, p. 716.) When appropriate, the court always has the option of requesting supplemental briefing on any issue, raised or not by the briefs, the court believes might be dispositive. (See Gov.Code, § 68081; Public *668 Resources Protection Assn. v. Dept. of Forestry & Fire Protection (1994) 7 Cal.4th 111, 117, fn. 6, 27 Cal.Rptr.2d 11, 865 P.2d 728.)
Finally, a memorandum opinion does not impede a party's ability to secure review by the California Supreme Court. First, the Supreme Court generally acts only where necessary to secure uniformity of decision or to settle an important question of law in matters of statewide impact. (Cal. Rules of Court, rule 29(a); In re Marriage of Assemi (1994) 7 Cal.4th 896, 912, 30 Cal.Rptr.2d 265, 872 P.2d 1190 (dis. opn. of Mosk, J.); Southern Cal. Ch. of Associated Builders etc. Com. v. California Apprenticeship Council (1992) 4 Cal.4th 422, 431, fn. 3, 14 Cal.Rptr.2d 491, 841 P.2d 1011.) Issues of this scale are not appropriate for memorandum dispositions, and thus likely will not be candidates for Supreme Court attention. (Lewis v. Superior Court, supra, 19 Cal.4th at p. 1264, 82 Cal.Rptr.2d 85, 970 P.2d 872; People v. Groves (1935) 9 Cal.App.2d 317, 321-324.) Second, if a party disagrees with the Court of Appeal's selection of the material facts or identification of the applicable law, the party can petition for a rehearing and point out the deficiencies in the court's opinion. (Cal. Rules of Court, rule 29(b)(2); see Torres v. Parkhouse Tire Service, Inc. (2001) 26 Cal.4th 995, 1000, 30 P.3d 57, fn. 2; People v. Slayton (2001) 26 Cal.4th 1076, 1083, fn. 6, 112 Cal. Rptr.2d 561, 32 P.3d 1073; Lewis v. Superior Court, supra, 19 Cal.4th at p. 1264, 82 Cal.Rptr.2d 85, 970 P.2d 872; Artiglio v. Corning, Inc. (1998) 18 Cal.4th 604, 608, fn. 2, 76 Cal.Rptr.2d 479, 957 P.2d 1313; People v. Groves, supra, 9 Cal.App.2d at pp. 321-324.)[6]

II[**]

DISPOSITION
The sentence as to count 8 is vacated, and the matter is remanded for resentencing on that count alone. In all other respects, the judgment is affirmed.
WE CONCUR: ARDAIZ, P.J., and HARRIS, J.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Part II.
[1] In this case, our original opinion included a brief procedural history followed by a pointed discussion of four issues. We included the facts relevant to the issues as we resolved them, but omitted a comprehensive statement of all the evidentiary facts adduced at trial. Appellant's petition for rehearing questioned whether our limited factual references illegally hampered his right to petition for review in the California Supreme Court. In a subsequent letter brief, however, appellant acknowledged that our opinion did not prejudice his right to seek review because rule 29(b)(2) permitted him to point out, in a petition for rehearing in this court, any omitted fact he claimed was critical.
[2] Unless otherwise stated, all subsequent citations to a rule shall be to the identified rule of the California Rules of Court.
[3] All unpublished decisions of the United States Court of Appeals for the Ninth Circuit are memorandum dispositions. (Ninth Circuit Rules, rule 36-1.)
[4] What we say about unpublished cases applies equally to unpublished issues. (See Rule 976.1 [partial publication].)
[5] One commentator has taken the position that a memorandum opinion is appropriate only where the trial court ruling is affirmed. (Aldisert, Opinion Writing, supra, §§ 2.8-2.9, pp. 20-21 ["[A] published opinion is necessary in every case where the judgment of the trial court is reversed or where a petition to review an administrative agency order is granted" (emphasis omitted)]. We will not go nearly this far. The considerations which bear upon the decision to publish, at least in the California Courts of Appeal, do not include the nature of the disposition.
[6] California Rules of Court, rule 29(b)(2) provides: "As a matter of policy, on petition for review the Supreme Court normally will not consider [¶] ... [¶] ... any material fact that was omitted from or misstated in the opinion of the Court of Appeal, unless the omission or misstatement was called to the attention of the Court of Appeal in a petition for rehearing."
[**] See footnote *, ante.