Filed 3/16/22  P. v. Duran CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049118 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1905019) |
| v. | |
| DABID DURAN, | |
| Defendant and Appellant. | |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

In February 2021, Dabid Duran pleaded no contest to four counts of a five-count information:  assault with intent to commit rape (Pen. Code, § 220, subd. (a)(1); count 2), assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count 3), infliction of corporal injury on a dating partner (Pen. Code, § 273.5, subd. (a); count 4), and false imprisonment (Pen. Code, § 236; count 5).  He was sentenced in April 2021 to the middle term of fours year on count 2, concurrent three-year middle terms on counts 3 and 4, and a concurrent two-year middle term on count 5.  The court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)); a suspended $300 revocation restitution fine (Pen. Code, § 1202.45); a $160 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)); a $120 court facilities assessment (Gov. Code,

§ 70373); and a $129.75 criminal justice administration fee (Gov. Code, § 29550, former §§ 29550.1–29550.2).

The sole issue defendant raises on appeal, conceded by the Attorney General, is that the $129.75 criminal justice administration fee should be vacated in light of new legislation rendering the fee uncollectable and unenforceable. "On September 18, 2020, the Governor signed Assembly Bill [No.] 1869 ... [¶] ... [which] abrogated the authority to impose and collect 23 different administrative fees, including, as relevant here, ... the criminal justice administration fee." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625.) Effective July 1, 2021, Government Code section 6111, subdivision (a) provides that the "unpaid balance of any court-imposed costs pursuant to … [Government Code] Sections 29550.1, 29550.2, and 29550.3 ... is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Assem. Bill No. 1869; Stats. 2020, ch. 92, § 11.) As the $129.75 criminal justice administration fee was imposed in this case under authority covered by Government Code section 6111, defendant is entitled to have the unpaid balance of the criminal justice administration fee vacated. (*Greeley*, at pp. 626–627.) We will modify the judgment as required by the new law, and direct the trial court to prepare an amended abstract of judgment.

## DISPOSITION

The judgment is modified to vacate any portion of the $129.75 criminal justice administration fee that remained unpaid as of July 1, 2021. As so modified, the judgment is affirmed. The clerk of the Superior Court is ordered to prepare and transmit to the Department of Corrections and Rehabilitation a new abstract of judgment reflecting that modification.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H049118 - *People v. Duran*