Filed 10/25/22 P. v. Espinoza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADAN ESPINOZA,<br><br>    Defendant and Appellant. | H048940<br>(Monterey County<br>Super. Ct. No. 19CR005138) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

Defendant appeals from an order terminating probation and imposing a jail sentence that was deemed served based on presentence custody credits. Defendant was charged with felony resisting or deterring an executive officer (Pen. Code, § 69) in 2018 in Santa Clara County Superior Court. (The facts underlying the offense are not relevant to the issues on appeal.) Defendant pleaded no contest to the charge, imposition of sentence was suspended, and the trial court placed him on probation for three years in November 2018. Among the fines and fees imposed at that time was a $259.50 criminal justice administration fee. We accept the People's concession that any unpaid balance of the criminal justice administration fee must be vacated. (Gov. Code, § 6111.)

Defendant's probation was transferred to Monterey County in 2019. More than two years into defendant's term of probation, a notice of violation was filed in December 2020 alleging defendant committed elder abuse (Pen. Code, § 368, subd. (c)). Probation was summarily revoked and the matter was continued for a probation violation hearing. Assembly Bill No. 1950 (Stats. 2020, ch. 328 [limiting the duration of probation in most felony cases to two years]) took effect on January 1, 2021, after defendant's probation had been revoked but before resolution of the violation. Defendant moved to discharge probation based on Assembly Bill No. 1950. The trial court denied the motion, terminated probation and sentenced defendant to 292 days in jail (deemed served based on presentence custody credits). The court also ordered defendant to pay the previously suspended probation revocation fine. (Pen. Code, § 1202.44.)

Assembly Bill No. 1950 amended Penal Code section 1203.1, subdivision (a) to provide that the maximum duration of probation in most felony cases is two years. (Stats. 2020, ch. 328, § 2.) "Appellate courts are so far unanimous in holding that Assembly Bill [No.] 1950 applies retroactively to defendants who were serving a term of probation when the legislation became effective on January 1, 2021; in such cases, the courts have acted to reduce the length of their probation terms." (*People v. Faial* (2022) 75 Cal.App.5th 738, 743 [collecting cases], review granted May 18, 2022, S273840; accord *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1095.) But Courts of Appeal are not uniform in applying the ameliorative change to individuals like defendant—whose probation was revoked after more than two years of supervision but before the January 1, 2021, effective date of the new law. (Compare *Faial*, at pp. 746-747 [no retroactivity] with *People v. Canedos* (2022) 77 Cal.App.5th 469, 476 (*Canedos*) [retroactive], review granted June 29, 2022, S274244.)

The defendant in Canedos was convicted of a felony in 2016 and placed on probation with execution of sentence suspended. (*Canedos*, *supra*, 77 Cal.App.5th at p. 474, rev. granted.) Probation was terminated when Canedos was convicted of a new

2

crime. Canedos appealed the trial court's aggregate sentence in the new case that included the sentence for the 2016 case. (*Ibid.*) Assembly Bill No. 1950 went into effect while Canedos's appeal was pending. The *Canedos* court found Assembly Bill No. 1950 applied retroactively to Canedos under *In re Estrada* (1965) 63 Cal.2d 740 based on the reasoning of *People v. Esquivel* (2021) 11 Cal.5th 671. (*Canedos*, at pp. 476-477.) The court concluded that Canedos was entitled to relief because the termination of his probation was not final for *Estrada* purposes when Assembly Bill No. 1950 became effective. (*Canedos*, at p. 477.) The *Canedos* court disagreed with the reasoning of *Faial*, concluding it was "consistent with these stated purposes of [Assembly Bill No. 1950] to apply it retroactively to defendants like Canedos who violated the terms of their probation before the law became effective." (*Canedos*, at p. 479.)

We are persuaded by the reasoning of *Canedos*. As in that case, defendant's probation had been revoked but not yet terminated when Assembly Bill No. 1950 became effective. Because the new law applies retroactively to defendant, the maximum length of his probation was two years, which had expired before the notice of violation was filed. As a result, the trial court no longer had jurisdiction to revoke defendant's probation, and we must reverse that order. We emphasize, however, that nothing in this appeal prevents defendant from being separately prosecuted for the conduct that led to the notice of probation violation; indeed he pleaded no contest to a misdemeanor violation of Penal Code section 368, subdivision (c) at the hearing where the trial court sentenced him for the probation violation.

## DISPOSITION

The order finding defendant in violation of probation is reversed. The trial court is directed to enter a new order modifying defendant's term of probation to two years in accordance with Penal Code section 1203.1, subdivision (a) as amended by Assembly Bill No. 1950; reinstating probation; and terminating probation nunc pro tunc to November 2, 2020. The trial court is also directed to prepare an amended minute order

3

that vacates the $300 probation revocation fine and any portion of the criminal justice administration fee that remained unpaid as of July 1, 2021, in that matter.

_____
Grover, J.

**WE CONCUR:**

_____
Greenwood, P. J.

_____
Lie, J.

**H048940 -** *The People v. Espinoza*