Filed 10/25/22 Via Appia v. Marcus & Millichap Real Estate Investment etc. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VIA APPIA, LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES, INC. et al.,<br><br>    Defendants and Respondents. | F081598<br><br>(Super. Ct. No. 10684)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Mariposa County. F. Dana Walton, Judge.

Newmeyer & Dillion, Alan H. Packer and Brandon A. Clouse; The Ware Practice Group, Mindy L. Ware and James Ware for Plaintiff and Appellant.

Neumiller & Beardslee, Paul N. Balestracci and Ricardo Z. Aranda for Defendants and Respondents.

-ooOoo-

### MEMORANDUM OPINION[1]

Plaintiff Via Appia, LLC appeals from a postjudgment order awarding attorney fees to defendants Marcus & Millichap Real Estate Investment Services, Inc., Ronald

---

[1]    This matter is proper for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, Standard 8.1. (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions]; Cal. Const., art. VI, § 14 [appellate decisions "shall be in writing with reasons stated"].

Swim and Earle Hyman (collectively, Brokers) after the superior court granted Brokers' motion for summary judgment and entered judgment in their favor. The judgment was entered in October 2019 and the order awarding attorney fees in the sum of $287,706.46 was filed in July 2020. The award was made pursuant to an attorney fees provision in the exclusive representation agreement executed by Via Appia and Brokers.

In case No. F080496, we reversed the judgment, concluding there were triable issues of material fact as to whether Brokers' allegedly wrongful conduct was a substantial factor in causing Via Appia to incur expenses it would not have otherwise incurred. Based on the reversal of the judgment, it necessarily follows that Brokers have lost their status as the prevailing party and, thus, are not presently entitled to any award of attorney fees. (*Shirvanyan v. Los Angeles Community College Dist.* (2020) 59 Cal.App.5th 82, 107.) Accordingly, the trial court's order awarding attorney fees to Brokers also must be reversed. (*Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284 [award of attorney fees to the party prevailing will not stand after reversal of the judgment]; *Merced County Taxpayers' Assn. v. Cardella* (1990) 218 Cal.App.3d 396, 402, [an order awarding attorney fees "falls with a reversal of the judgment on which it is based"].)

## DISPOSITION

The order awarding attorney fees to Brokers is reversed. Via Appia, LLC shall recover its costs on appeal.

FRANSON, J.

**WE CONCUR**

HILL, P. J.

LEVY, J.