Filed 5/23/24  Rossa v. Blue Bird Body Co. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DANIEL ROSSA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>BLUE BIRD BODY COMPANY,<br><br>        Defendant and Appellant. | A165728<br><br>(San Mateo County<br>Super. Ct. No. 18CIV05767) |

**MEMORANDUM OPINION**

Personal injury plaintiff Daniel Rossa appeals the trial court's order quashing service of summons on school bus manufacturer Blue Bird Body Company (Blue Bird) for lack of personal jurisdiction.  Blue Bird cross-appeals the court's ruling on its objections to some of Rossa's evidence.

The trial court did not err concluding it lacks personal jurisdiction over Blue Bird.  Accordingly, we affirm.[1]

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We do not recite the factual and procedural background because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].)

1

## DISCUSSION

Rossa is a California resident who brought suit against out-of-state bus manufacturer Blue Bird and others for injuries he sustained when his leg was severely injured by the retractable electrical steps of a bookmobile. Blue Bird manufactured and sold the bus chassis out of state to a third party, OBS, Inc., which modified the bus by installing the electrical steps and converted it into a bookmobile before selling it in California to Rossa's employer. (*Rossa v. Blue Bird Body Co.* (June 29, 2021, No. A160544) [nonpub. opn.] (*Rossa I*).)

This is the second time the personal jurisdiction issue has been before us. Blue Bird moved to quash service of summons, contending it was not amenable to suit in California. In the prior appeal, we reversed the trial court's ruling that it lacked jurisdiction over Blue Bird and remanded Blue Bird's motion to quash for further proceedings. (See *Rossa I, supra,* A160544.)

We presume the parties' familiarity with the law and facts stated in our prior opinion and summarize the opinion here briefly. As we explained, "a state may exercise specific jurisdiction over an out-of-state defendant 'if the defendant has "purposefully directed" his activities at residents of the forum [citation], and the litigation results from alleged injuries that "arise out of or relate to" those activities.'" (*Rossa I, supra,* A160544.)

In reversing the trial court's ruling in the prior appeal, we held first that Rossa had satisfied the first prong of the jurisdictional analysis, by showing Blue Bird had purposefully availed itself of a California forum. (*Rossa I, supra,* A160544.) We rested this conclusion on undisputed evidence that Blue Bird had a "significant and deliberate commercial presence" in California, including evidence of three employees in California "including one

2

who, by all accounts, appears to have been involved in repairing the very vehicle at issue here," evidence of Blue Bird's nationwide online marketing, and evidence of its network of relationships with authorized dealers and service centers within California. (*Ibid.*)

But we remanded Blue Bird's motion to quash for further proceedings on the second prong of the jurisdictional analysis: that is, whether there is a sufficient nexus between Blue Bird's contacts with California and Rossa's lawsuit. (*Rossa I, supra,* A160544.)

We did so because the trial court had not reached that issue, and while the appeal was pending, the United States Supreme Court in *Ford Motor Co. v. Montana Eighth Judicial District Court* (2021) 592 U.S. 351 (*Ford Motor Co.*) had clarified the "arise out of or relate to" standard of the second prong. (See *Rossa I, supra,* A160544.) We discussed and examined *Ford Motor Co.* at length and, for brevity, incorporate that discussion. (*Rossa I, supra,* A160544.)

On remand, following the completion of additional jurisdictional discovery and the submission of further briefing, the trial court again granted Blue Bird's motion to quash for lack of personal jurisdiction. The court found that "Blue Bird did appear to service or repair . . . the bookmobile" involved in the accident; and in support, it cited emails referencing contacts with a Blue Bird representative named "John Vaugh" about repairing the vehicle when it broke down in December 2011 and January 2012. But the court ruled that Rossa had failed to demonstrate that his claims arise out of or relate to Blue Bird's contacts with California, because "Rossa was not injured by the same product—the retractable steps of a bookmobile—that Blue Bird advertised, sold, serviced, or repaired in California." It reasoned that the steps were designed, manufactured and installed on the bus by a third party,

and Blue Bird was not involved in those modifications. Thus, it reasoned, "Blue Bird did not have 'fair warning' that [any] defect in the electrical circuitry or battery of its buses could cause Rossa's injury—i.e., an injury caused by retractable steps installed on a Blue Bird bus—much less in California."

Rossa now appeals, arguing his claim relates to Blue Bird's commercial presence in California sufficient to satisfy the second prong. He relies upon the undisputed evidence of Blue Bird's nationwide advertising, nationwide solicitation of business and authorized dealerships in California, and he also argues that Blue Bird provided maintenance service to the very bus involved in this accident.

Blue Bird asserts there is no *admissible* evidence that it serviced this bus in California. It contends (in its cross-appeal) that the court erroneously admitted emails showing that it did so, which was inadmissible hearsay. It is unnecessary to consider Blue Bird's evidentiary objections, however, because even assuming the email evidence was properly admitted, we agree with the trial court that Rossa failed to demonstrate his claims "arise out of or relate to" Blue Bird's California contacts.

We begin with where we left off before, which is the state of the law since *Ford Motor Co.* was decided.

Blue Bird argues the trial court's ruling should be upheld because, unlike in *Ford Motor Co.*, there is no evidence that it marketed and sold the *same model* of bus chassis in California as the one involved here—a factual assertion Rossa does not refute, and our review of the record confirms. That is, it is undisputed that the bus involved here was a "Type-D" chassis; yet there is no evidence indicating whether Blue Bird sells, advertises or services that model in California. The record is totally silent about that.

Although Rossa cites one federal district court opinion addressing the "same model" legal issue, the only California authority to address whether *Ford Motor Co.* requires such proof has concluded it does not. (*Preciado v. Freightliner Custom Chassis Corp.* (2023) 87 Cal.App.5th 964, 983 (*Preciado*).) But it also did not say the subject is irrelevant. *Preciado* concluded that, "although '[m]ost lower federal and state courts considering case linkage in the context of a product liability claim have interpreted *Ford Motor Co.* to require forum contacts pertaining to the *specific product model* at issue in the litigation,' " the second prong may be satisfied under *Ford Motor Co.* by proof of forum-related activity related to other models "if it [is] reasonable [for the court] to presume that [the] other similar models . . . sold . . . in California had the same alleged [product] defect" as the product at issue. (*Preciado,* at p. 983.)

The parties have not addressed that legal standard in their appellate briefing, nor did they introduce any evidence below relating to it. So, the "similar model" theory of jurisdiction under *Ford Motor Co.* is unavailing to Rossa.

The question thus comes down to whether Rossa's other evidence is enough to satisfy the "related to" prong. The linchpin of Rossa's jurisdictional position, as noted, is his reliance on evidence that Blue Bird provided maintenance service in the forum state (i.e., California) to the very vehicle involved in this case.[2] But Rossa has not developed a coherent argument,

_____

[2] As summarized by the trial court, "Blue Bird did appear to service or repair other parts of the bookmobile. Between December 2011 and January 2012, Blue Bird was referenced in communications between the County, OBS, and others regarding problems with the bookmobile. The emails described the bookmobile as 'broke[n] down,' and indicated that Blue Bird had been asked to 'look at' the problems. The emails also reference

5

supported by legal authority and analysis, demonstrating that such additional facts, if proved, are sufficient to satisfy the required nexus between Blue Bird's California contacts and Rossa's claim for the personal injury caused by the failure of the retractable steps. There is dictum indicating that in some circumstances providing maintenance services to a model of vehicle not sold in the forum state might suffice to establish such a nexus. (See *Preciado*, *supra*, 87 Cal.App.5th at p. 984 [where personal injury plaintiff failed to present evidence "the same or similar [bus] chassis" involved in accident was sold in California, nexus requirement not met because plaintiff showed no "other connection" between defendant's in-state contacts and lawsuit such as "*evidence that [defendant] was involved in servicing that chassis in California*"], italics added.) But Rossa failed to establish such circumstances here.

To begin with, Rossa did not provide any evidence that Blue Bird ever provided, or was even asked to provide, maintenance service for the retractable steps or the electrical system that powered the steps that caused the injury.

Further, we agree with the trial court that Rossa's evidence that OBS powered the retractable steps "by connecting them to a battery and circuity [that *was*] designed, manufactured, and sold by Blue Bird" does not establish that nexus. As that court stated, Blue Bird's evidence showed it (1) "did not design, manufacture, advertise, or sell buses with retractable steps" and (2) "had *no* role whatsoever in the installation of the retractable steps." Specifically, it "provided no advice or guidance to OBS regarding its

contacts with Blue Bird representatives, including 'John Vaugh,' regarding warranty repairs and billing." Rossa does not dispute the trial court's characterization of his evidence.

6

modifications to the bus and chassis purchased from Blue Bird," "did not provide any warranty coverage for the retractable steps . . . and did not service or repair those steps." Nor was there any evidence that it encouraged its customers to install retractable steps on its buses, "designed the electrical system for its bus and chassis to accommodate retractable steps" or promoted or encouraged "any modifications to its buses, much less the modification—the powering of retractable steps using the bus's electrical circuitry and battery—at issue in Rossa's claims." Even if Rossa had shown, which he did not, that a defect in the circuitry or battery was an independent cause of his injury, "he still could not establish a substantial nexus between his claims and Blue Bird's California activities" because there was "no evidence that Blue Bird had any idea that the circuitry and battery for its bus would be used to power retractable steps" or "designed or manufactured its buses with such an installation in mind." For these reasons, the trial court concluded, "Blue Bird did not have 'fair warning' that a defect in the electrical circuitry or battery of its buses could cause Rossa's injury—i.e., an injury caused by retractable steps installed on a Bird Bus—much less in California."

Rossa has not shown error in the trial court's thorough analysis of the issue. We find unpersuasive his comparison of this case to *Daimler Trucks North America LLC v. Superior Court* (2022) 80 Cal.App.5th 946, which upheld personal jurisdiction over an Oregon truck manufacturer for injuries sustained by a California resident while driving a long-haul truck in Oklahoma. Although the accident occurred out of state, the fact that the plaintiff was a California resident and had begun his travel there weighed in favor of exercising specific jurisdiction, as well as the fact that the defendant marketed its truck brand in California, including the same model involved in the accident, for precisely the type of use involved in the case (i.e.,

7

intercontinental long-haul trips "that emanate from California to other states and back"). (*Id.* at pp. 951, 957, 958; see also *id.* at p. 959.) The appellate court thus concluded that the lawsuit "relate[d] to" defendant's in-forum activities. (*Id.* at p. 959.) Unlike the vehicle manufacturer in *Daimler Trucks*, as we have explained, there is no evidence Blue Bird marketed its buses for precisely the type of application involved here: that is, for reconfiguration using after-market, third-party electrical components of any kind much less retractable steps.

Rather, we agree with the trial court that this case is more akin to the supplier of a component part who had no reason to foresee that a downstream use of its product in the forum would cause injury in a manner unrelated to the manufacturer's limited commercial presence in the forum state. (See *LG Chem, Ltd. v. Superior Court of San Diego County* (2022) 80 Cal.App.5th 348, 365-370.)

In short, we are persuaded by the trial court's thorough analysis of the "related to" issue, which we adopt and affirm.

Having thus concluded that Rossa failed to show his claims "relate to" Blue Bird's forum-related contacts, it is unnecessary to address whether the exercise of specific jurisdiction would violate notions of " 'fair play and substantial justice' " and thus be unreasonable, a point we did not address in our prior opinion and that would otherwise be Blue Bird's burden to show. (See generally *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 476-477; *Dongxiao Yue v. Wenbin Yang* (2021) 62 Cal.App.5th 539, 549-550.) And it is equally unnecessary to address Blue Bird's cross-appeal challenging the trial court's rejection of its challenges to Rossa's evidence.

8

## DISPOSITION

The order granting Blue Bird's motion to quash is affirmed. Appellant Rossa shall recover his costs.

_____

STEWART, P. J.

We concur.

_____

RICHMAN, J.

_____

MILLER, J.

*Rossa v. Bluebird Body Co.* (A165728)