Filed 5/23/24  P. v. Cornett CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082432 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD291704) |
| CARLIN EDWARD CORNETT, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Remanded with directions.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Carlin Edward Cornett appeals a judgment denying his request for 37 days of custody credit for his time spent on GPS-monitored home

detention. Cornett challenges the denial on two grounds. First, he claims his supervised release complies with Penal Code sections 2900.5 and 1203.018, which govern eligibility for custody credit. Second, Cornett argues that awarding custody credit to individuals participating in section 1203.018 electronic monitoring programs, while denying credit to persons like him subject to similar monitoring, violates his right to equal protection. The Attorney General concedes that the denial of custody credit here violates Cornett's right to equal protection. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the Attorney General's concession and remand to the trial court to grant Cornett the additional 37 days of custody credits.

In April 2023, Cornett pled guilty to murder. Before sentencing, the trial court released Cornett on his own recognizance for medical reasons but imposed numerous restrictions. Cornett was required to wear an ankle tracking device, remain in San Diego County, adhere to a curfew, and consent to a Fourth Amendment waiver. He could leave his house for specified purposes, such as getting groceries or going to medical appointments.

At sentencing, the court awarded Cornett 590 days of custody credits for pre-conviction jailtime, but it denied his request for custody credits for time on home detention because his particular tracking device was not authorized as a legal alternative to custody within San Diego County.

Given the Attorney General's concession, we address only the equal protection claim. An equal protection claim is subject to de novo review. (*California Grocers Assn. v. City of Los Angeles* (2011) 52 Cal.4th 177, 208.) The key inquiry is "whether the challenged difference in treatment is adequately justified under the applicable standard of review." (*People v. Hardin* (2024) 15 Cal.5th 834, 850-851.) When neither a suspect

2

classification nor a fundamental right is at issue, the differential treatment need only be rationally related to a legitimate state interest. (*People v. Chatman* (2018) 4 Cal.5th 277, 288.)

Like the parties, we discern no rational basis for denying Cornett custody credit while granting credit to participants subject to similar custody conditions in the statutory electronic monitoring program. (See *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1091.) Penal Code section 2900.5, subdivision (a) entitles defendants to credit for "days served in home detention pursuant to . . . Section 1203.018." Section 1203.018 establishes an electronic monitoring program offered to inmates released "in lieu of bail" who abide by a curfew, allow probation officers into their home, and wear a tracking device. (§ 1203.018, subds. (a) & (d)(1)-(3).) Although Cornett was not released "in lieu of bail," he, like statutory electronic monitoring program participants, had to adhere to a curfew, consent to a Fourth Amendment waiver, and wear a tracking device. That Cornett's particular tracking device is not a recognized legal alternative to custody does not change the fundamentally custodial nature of Cornett's release. We thus conclude denial of Cornett's request for home monitoring custody credits violated his right to equal protection.

## DISPOSITION

We remand to the trial court to (1) amend the June 22, 2023 abstract of judgment to grant Cornett 37 days of custody credits for his time spent on electronically monitored home detention, and (2) forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

                                                                CASTILLO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.