Filed 2/6/25  P. v. Moreno CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH MORENO,<br><br>    Defendant and Appellant. | D083648<br><br><br>(Super. Ct. No. JCF33307) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Reversed and remanded with directions.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Joseph Moreno appeals from an order striking his one-year prison prior enhancement under Penal Code section 1172.75.  He contends the court erred

by (1) not conducting a full resentencing hearing after striking the prison prior enhancement and (2) permitting Moreno to represent himself without advising him of the dangers of self-representation.  The People concede error because, contrary to section 1172.75's requirements, the court neither conducted a full resentencing nor appointed counsel.

We resolve this matter by memorandum opinion.  (See generally *People v. Garcia* (2002) 97 Cal.App.4th 847.)  We accept the People's concession and reverse the order and remand with directions.

## I.

In 2018, Moreno pled guilty to attempted murder and admitted both a gun enhancement and a prison prior.  The court sentenced him to prison for 18 years, which included one year for the prison prior enhancement under section 667.5, subdivision (b).

Later, the Legislature enacted section 1172.75 to render "legally invalid," subject to exceptions not relevant here, prior prison term enhancements imposed before 2020 under section 667.5(b).  (§ 1172.75, subd. (a).)  Once the California Department of Corrections and Rehabilitation identifies an in-custody defendant serving a sentence that includes the now-invalid enhancement, the sentencing court must recall the sentence and resentence the defendant following the procedures outlined in section 1172.75.  (§ 1172.75(b)-(d).)

In 2023, the court held a resentencing hearing under section 1172.75.  The court asked Moreno if he wanted counsel appointed even though the court was ready to strike the one-year prison prior term and reduce Moreno's sentence to 17 years.  Moreno responded he had no need for an attorney if the court was willing to eliminate the prison prior.  The court then struck the prison prior.

At the end of the hearing, Moreno asked if the court would conduct a resentencing "for the gun enhancement." The court declined, stating that matter was not before it.

## II.

We agree with the parties that section 1172.75(a) applies to Moreno because the judgment against him included a prior prison enhancement under section 667.5(b).

At issue is whether the trial court erred when it failed to conduct a full resentencing hearing and appoint counsel in accordance with section 1172.75. We review this issue of statutory interpretation de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

Under section 1172.75(c), if a trial court determines a defendant is serving a sentence that includes a now legally invalid enhancement, the court "shall recall the sentence and resentence the defendant." "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) The statute "provides specific instructions for the resentencing." (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) Relevant here, the court "shall appoint counsel" for the resentencing. (§ 1172.75(d)(5).)

Here, the court struck Moreno's one-year prison prior enhancement without conducting a full resentencing and without appointing counsel as section 1172.75 requires. As a result, we must reverse its order and remand for a full resentencing compliant with the statute.

Given this disposition, we need not address Moreno's argument that his decision to represent himself at the resentencing hearing was not made knowingly and intelligently because he was not advised of the dangers of self-representation.

III.

We reverse the order and remand the matter for a full resentencing in accordance with section 1172.75, including the appointment of counsel.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.