Filed 4/23/25  P. v. Lucas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>       v.<br><br>DAMONTE AKIDA LUCAS,<br><br>       Defendant and Appellant. | D083279<br><br><br>(Super. Ct. No. SCD242421) |

APPEAL from an order of the Superior Court of San Diego County, Albert T. Harutunian, III, Judge.  Reversed and remanded with instructions.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Michael D. Butera, and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

Damonte Akida Lucas appeals from an order denying at the prima facie stage his petition for resentencing under what is now Penal Code section 1172.6.  The People concede error.  Resolving this matter by

memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concession and reverse and remand with instructions.

## I.

In 2014, Lucas pled guilty to attempted murder (Pen. Code, §§ 664, 187(a); count 1) and assault with a firearm (§ 245(b); count 4). In his plea, Lucas admitted (1) he personally discharged a firearm in the commission of the attempted murder (§ 12022.53(c)) and (2) both offenses were committed for the benefit of a criminal street gang (§ 186.22(b)(1)). The court sentenced Lucas to a total prison term of 31 years.

A codefendant pled guilty to the same charges as Lucas.

Effective January 2019, the Legislature amended the law to eliminate liability for murder based on the natural and probable consequences doctrine or theories of imputed malice predicated solely on one's participation in a crime. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Section 1172.6 provides a procedure for defendants convicted under the now-invalid theories to seek resentencing. The Legislature later clarified, as relevant here, this relief extends to defendants convicted of attempted murder under the natural and probable consequences doctrine. (*People v. Basler* (2022) 80 Cal.App.5th 46, 55.)

In 2023, Lucas petitioned the court to resentence him under what is now section 1172.6. The trial court denied the petition for failure to state a prima facie case for relief.

## II.

Lucas contends the trial court erred when it denied his petition for resentencing at the prima facie stage because his plea does not eliminate the

2

possibility of being convicted of attempted murder under the natural and probable consequences doctrine. The People concede error, and we agree.

A trial court considering a section 1172.6 petition first must determine whether the petitioner made a prima facie showing he or she could not presently be convicted under the amended laws. (*Lewis*, 11 Cal.5th at p. 971.) In doing so, the court accepts the petitioner's factual allegations as true. (*Ibid*.) "The court may deny the petition at the prima facie stage only if the record of conviction"—which includes facts admitted in a guilty plea— "conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.) Otherwise, the court must issue an order to show cause and conduct an evidentiary hearing. (*Lewis*, at p. 971.)

We review de novo the trial court's order denying resentencing at the prima facie stage. (*Gaillard*, 99 Cal.App.5th at p. 1211.)

Here, the trial court concluded Lucas was ineligible for resentencing, as it found Lucas' admission he attempted murder and he personally discharged a firearm in the commission of that attempted murder established "as a matter of law" Lucas "was the direct perpetrator . . . with the specific intent to kill the victim."

But as the People concede, Lucas' guilty plea does not "unequivocally establish he was the sole perpetrator or a direct aider and abettor of attempted murder." Because he and his codefendant pled guilty to the same charges, Lucas was not necessarily the sole perpetrator. And as the generic language of Lucas' plea is silent on his mental state, it does not foreclose imputed malice based on the now-invalid natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 542.)

3

Lucas' admission he personally discharged a firearm in the commission of the attempted murder does not necessarily establish he was the sole perpetrator of the attempted murder or acted with the specific intent to kill. Again, Lucas' codefendant pled to the same enhancement, which makes it unclear who the direct perpetrator was. In addition, such enhancements "do[ ] not show that a defendant acted with malice aforethought," and thus it "does not establish as a matter of law" Lucas is ineligible for section 1172.6 relief. (*People v. Offley* (2020) 48 Cal.App.5th 588, 598.)

We therefore agree with the People that Lucas' petition should have proceeded past the prima facie stage to an evidentiary hearing.

### III.

We reverse the trial court's order denying the petition. On remand, the trial court is instructed to issue an order to show cause and to conduct an evidentiary hearing under section 1172.6(c)-(d).

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

RUBIN, J.

4