Filed 4/29/25  In re J.A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re J.A., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D084949 |
| Plaintiff and Respondent, | (Super. Ct. No. EJ04896B) |
| v. | |
| F.A., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Mark T. Cumba, Judge.  Appeal dismissed.

Sarah Vaona, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Indra N. Bennett, Senior Deputy County Counsel, for Plaintiff and Respondent.

In September 2023, the San Diego County Health and Human Services Agency (Agency) filed a petition under Welfare and Institutions Code section 300, subdivision (b), alleging that then three-year-old, J.A., was at substantial risk of harm due to J.S.'s (Mother) mental health concerns and F.A.'s (Father) failure to protect him from Mother.  The juvenile court made a true finding on the petition, ordered reunification services for both parents and detained J.A. out of the parents' custody.  Father completed a domestic violence program, was engaged in parenting classes, and progressed to overnight visitation with J.A.

At the six-month review hearing in September 2024, the juvenile court made a detriment finding and declined to place J.A. with Father.  Father appeals from the order declining to return J.A. to his care.  He contends the court erred in finding:  (1) it would be detrimental to return J.A. to his custody and (2) the Indian Child Welfare Act (ICWA, 25 U.S.C. § 1901 et seq.) did not apply.  The Agency requests we take judicial notice of the court's January 13, 2025, order (the January order) returning J.A. to Father's custody and contends the appeal should be dismissed as moot.  Father does not object to this court taking judicial notice of the January order, and we grant the request.  Father concedes the order returning J.A. to his custody was the relief requested in this appeal.  He also agrees with the Agency's contention that, so long as J.A. remains in his custody the Agency is not

---

[1]    We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Because the parties are familiar with the background of the case and this appeal implicates only well-established legal principles, we limit our discussion of the factual and procedural background to that which is necessary for context and to resolve the relevant issues.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

obliged to demonstrate initial inquiry under ICWA. We agree with the parties.

An appeal in a dependency case is moot if, due to subsequent events, the court can no longer grant the appellant any effective relief—even if appellant wins. (*In re D.P.* (2023) 14 Cal.5th 266, 276.) Relief is considered effective only if there is (1) an ongoing harm that is (2) capable of being remedied by the outcome sought. (*Ibid.*) Even if an appeal is technically moot, we may still choose to review its merits. (*Id.* at p. 282.) Several factors that may justify discretionary review include whether the finding could prejudice the appellant, affect current or future dependency proceedings, or have other consequences beyond jurisdiction; whether the conduct at issue is especially harmful or stigmatizing; and whether the findings involve more serious conduct by the appealing parent. (*Id.* at pp. 285–286.)

We conclude Father's appeal from the order declining to return J.A. to his custody is moot because the January order returned J.A. to Father's custody. We cannot provide the relief Father initially sought because he has already received that relief. Additionally, the provisions of ICWA do not apply to dependency proceedings in which the juvenile court places a child with a parent. (Welf. & Inst. Code, § 224.1, subd. (d); 25 U.S.C. § 1903; *In re K.L.* (2018) 27 Cal.App.5th 332, 335–339.) Because J.A. is now placed with Father, the ICWA challenge is also moot.

Finally, Father indicated in his reply brief that he does not wish to pursue review following the January order. Thus, there is no reason for us to exercise our discretion to review this moot appeal.

3

## DISPOSITION

The appeal is dismissed as moot.


O'ROURKE, Acting P.J.

WE CONCUR:


IRION, J.


KELETY, J.

4