Filed 5/2/25  P. v. Gibson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B336513 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA337074) |
| v. | |
| HAKIM RASHEED GIBSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed as modified.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

In 2008, a jury found Hakim Gibson guilty of sexual penetration by foreign object (Pen. Code, § 289, subd. (a)(1));[2] assault with intent to commit rape (§ 220); second degree robbery (§ 211); and petty theft with priors (§ 666).  The jury found true allegations that Gibson personally used a dangerous or deadly weapon in the commission of the sexual penetration and assault crimes.  (§ 667.61, subd. (b).)  The trial court found true allegations that Gibson suffered two prior strikes (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), two serious felony convictions (§ 667, subd. (a)(1)), and two prior prison terms (§ 667.5, subd. (b)).  In 2009, the trial court imposed an aggregate state prison sentence of 57 years to life.  Gibson was awarded 306 days of actual custody credit and 45 days of conduct credit.

In a prior direct appeal, this court reversed the judgment as to the petty theft conviction and the true finding on one of the five-year prior serious felony enhancements.[3]  On remand, the trial court resentenced Gibson to an aggregate sentence of 52 years to life.

In 2023, the California Department of Corrections and Rehabilitation (CDCR) identified Gibson as an individual whose sentence included a prior prison term enhancement that was

---

[1]    We resolve this matter by memorandum opinion, consistent with California Standards of Judicial Administration, section 8.1. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855.)

[2]    All further statutory references are to the Penal Code.

[3]    *People v. Gibson* (May 3, 2011, B213634) (nonpub. opn.).

rendered invalid by section 1172.75.[4]  The court appointed counsel and set the matter for hearing.  Gibson filed a petition seeking resentencing.  He asked that, in addition to striking the now invalid section 667.5, subdivision (b) prior prison term enhancements, the court also dismiss his two prior strikes.  Gibson provided evidence that he had completed educational programs and volunteer work while incarcerated.  The People opposed any reduction to Gibson's sentence beyond the striking of the invalid prior prison term enhancements.

The trial court struck the now invalid prior prison term enhancements.  The court also struck the remaining five-year prior serious felony enhancement and dismissed one of the prior strikes.  The court resentenced Gibson to an aggregate prison term of 10 years plus 30 years to life.

Following resentencing, the trial court did not recalculate Gibson's custody credits and instead ordered that all credits would remain as previously imposed.  The abstract of judgment reflected the same credits Gibson was awarded in 2009: 306 days of actual custody credit and 45 days of conduct credit.

On appeal, Gibson argues the trial court was required to recalculate Gibson's actual custody credit upon resentencing.

---

[4]     Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."  The statute sets forth procedures for the identification of persons serving sentences that include now-invalid section 667.5, subdivision (b) enhancements, and for the recall of such sentences and resentencing.

The People agree, as do we.  In *People v. Buckhalter* (2001) 26 Cal.4th 20, 29, the California Supreme Court held that "when a prison term already in progress is modified . . . the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody."  (See § 2900.1.)

Gibson was arrested on March 13, 2008.  As of the date of resentencing, December 13, 2023, he was entitled to 5,754 days of actual custody credit.[5]  (*People v. Bravo* (1990) 219 Cal.App.3d 729, 735.)

We therefore modify the judgment to reflect 5,754 days of actual custody credit.  The trial court is to prepare an amended abstract of judgment reflecting the recalculated actual custody credits.  The parties additionally point out that on the second page of the abstract of judgment for the indeterminate sentence, the defendant's name and case number are incorrect.  On remand, the trial court is to further amend the abstract of judgment to reflect the correct name and case number.

---

[5]  The CDCR is responsible for calculating any postsentence custody credits.  (*People v. Dean* (2024) 99 Cal.App.5th 391, 397.)

4

## DISPOSITION

The judgment is modified to reflect a recalculated award of 5,754 days of actual custody credit. In all other respects, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the recalculated actual custody credit; correcting the defendant's name; and stating the correct case number. A copy of the amended abstract of judgment is to be transmitted to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

GAAB, J.*

---

\* Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5