Filed 11/4/24  P. v. Merritt CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>AUSTIN TYLER MERRITT,<br><br>  Defendant and Appellant. | A168414<br><br>(Lake County<br>Super. Ct. No. CR963871) |

**MEMORANDUM OPINION**[1]

Austin Tyler Merritt appeals from the trial court's denial of his motion for new trial.  After trial, Merritt brought a motion for new trial under Penal Code section 1181, subdivisions (3), (4), and (6).[2]  The motion was based upon a letter written by a juror to the court.  In the letter, the juror stated, "I had a lot of 'reasonable doubt'.  However, I was the only one of the twelve, and after some deliberation, it became obvious that none of the other eleven, some of whom were adamant, would ever change their minds, so I felt compelled to

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We do not belabor the facts because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All further references are to the Penal Code unless otherwise specified.

1

consent to the consensus." On appeal, Merritt raises only subdivisions (3) and (4) of section 1181. We address Merritt's arguments under these provisions below and affirm the trial court's denial of Merritt's motion for new trial.

Section 1181 permits the court to grant a new trial: "3. When the jury has separated without leave of the court after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented; [and] [¶] 4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all jurors." Here, Merritt contends the verdict should be reversed because of both jury misconduct and failure to convict by a unanimous jury. Moreover, Merritt argues the trial court erred in not conducting a further inquiry. Whether the trial court erred in denying Merrit's motion for new trial or refusing to inquire further of the juror who authored the letter is subject to abuse of discretion. (*People v. Dykes* (2009) 46 Cal.4th 731, 810.) Merritt's arguments that the court abused its discretion are without merit.

Merritt's contention that a new trial should have been granted because of juror misconduct is not supported by competent evidence. " 'It is settled . . . that "a jury verdict may not be impeached by hearsay affidavits." ' " (*People v. Dykes*, *supra*, 46 Cal.4th at p. 811.) Here, the trial court had a letter authored by a juror rather than a sworn affidavit. Thus, the trial court could not have granted a new trial "in the absence of sworn juror affidavits." (*People v. Bryant* (2011) 191 Cal.App.4th 1457, 1461.) And while Merritt argues the court should have conducted further inquiry "where there was a strong possibility that further inquiry of the letter-writing juror would have uncovered misconduct," the court had no duty to conduct any

2

further inquiry.  (*People v. Mora and Rangel* (2018) 5 Cal.5th 442, 517 ["hearsay is ordinarily 'not sufficient to trigger the court's duty to make further inquiries into a claim of juror misconduct' "].)

In any event, the juror's comment that "it was unfortunate that the closing arguments came on a Friday morning when all were anxious to be done and on their way," is not evidence of jury misconduct.  A single juror's speculation that other jurors voted to convict based upon the day and hour as opposed to the weight of the evidence does not support Merritt's claim that the jury likely committed misconduct.

Of course, even if Merritt had a signed affidavit from the juror, the affidavit would have been inadmissible under Evidence Code section 1150, subdivision (a).  Evidence Code section 1150, subdivision (a) states, "No evidence is admissible to show the effect of such statement, conduct, condition, or event upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined."  As such, the juror's explanation of her mental process to arrive at a guilty verdict would have been inadmissible.

Next, Merritt contends he was convicted without the benefit of twelve unanimous jurors.  This contention is also without merit.  Again, Merritt does not produce any admissible evidence that any juror had reasonable doubt.  In fact, after the verdict was read in open court, the judge asked, "Is there any member of the jury who did not personally vote for that verdict?  If so, raise your hands."  The court noted no hands were raised.

The cases cited by Merritt for the proposition that a non-unanimous jury convicted Merritt are inapposite.  Those cases address convictions that occurred without each juror of a twelve-person jury rendering a vote of guilt. (*Ramos v. Louisiana* (2020) 590 U.S. 83 [United States Supreme Court struck

3

down Oregon and Louisiana's law that allowed a criminal conviction based on 10-to-2 verdicts]; see also *People v. Traugott* (2010) 184 Cal.App.4th 492 [trial court accepted the verdict where only eleven jurors were present].) That is not the case here. The trial court did not enter a guilty verdict upon fewer than twelve jurors voting to convict. When the verdict was read, all twelve jurors confirmed the verdict reflected their independent judgment. Thus, Merritt's argument is actually an attempt to impeach the verdict.

Nonetheless, " ' "With the assent of the jury to the verdict as recorded, their functions with respect to the case cease, and the trial is closed"; and "after the verdict is received and the jury discharged, . . . the control of the jury and of the court over such verdict is at an end. The court cannot alter it, nor can the jury be called to alter or amend it. As well might any other twelve men be called to alter it as the men who were jurors. The office of a juror is discharged upon the acceptance of his verdict by the court." ' " (*People v. Peavey* (1981) 126 Cal.App.3d 44, 48–49.) Accordingly, Merritt's attempt to alter the verdict is prohibited under the law.

### DISPOSITION

We affirm.


DOUGLAS, J.*


We concur:

BROWN, P.J.
STREETER, J.

*People v. Merritt* (A168414)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4