Filed 3/21/25  P. v. Gomez CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO GOMEZ,<br><br>    Defendant and Appellant. | A168710<br><br>(San Mateo County Super.<br>Ct. No. 16SF013151A) |

**MEMORANDUM OPINION**[1]

Defendant Mario Gomez appeals the denial of his petition for resentencing under section 1170.91 of the Penal Code (all further statutory references are to this code).  We accept the People's concession of error and remand the matter for the trial court's consideration of the merits of defendant's petition.

As part of a plea deal, defendant pleaded no contest to felony infliction of corporal injury on a spouse, with a prior conviction (§ 273.5, subd. (f)(1)) and misdemeanor violation of a protective order (§ 166, subd. (c)(1)).  He also admitted a great bodily injury (GBI) enhancement (§ 12022.7, subd. (e)) and a serious felony prior allegation (§ 667, subd. (a)(1)).  The trial court sentenced

---

[1]    We resolve this case by memorandum opinion, including only necessary facts. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

defendant to a total of 20 years in state prison, consisting of 10 years on the felony conviction, 5 years for the GBI enhancement, and 5 years for the serious felony prior.

In May 2023, defendant filed a petition for resentencing pursuant to section 1170.91. The petition was supported by documents indicating defendant suffers from mental health conditions due to his service in the military. On August 29, 2023, the trial court denied defendant's petition solely because he agreed to a stipulated sentence when he pleaded no contest. For the reasons below, we conclude that ruling was in error.

Since January 1, 2023, section 1170.91 has provided in relevant part: "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the defendant's military service, the court shall consider the circumstance as a factor in mitigation when imposing a sentence." (§ 1170.91, subd. (a).) Subdivision (b)(1) of section 1170.91 provides in pertinent part that persons meeting the statutory criteria may petition for recall of sentence if they are "currently serving a sentence for a felony conviction, whether by trial or plea." On a properly presented petition, the court may, "in the interest of justice, and regardless of whether the original sentence was imposed after a trial or plea," either modify and reduce the sentence or resentence after vacating the conviction and imposing judgment on any necessarily included lesser offense or lesser related offense. (§ 1170.91, subd. (b)(3)(A), (B); see stats. 2022, ch. 721, § 1 (Sen. Bill No. 1209).)

Upon reviewing the statutory language and relevant legislative history, the court in *People v. Harrell* (2023) 95 Cal.App.5th 161 (*Harrell*) concluded

2

"the Legislature clearly intended to make persons serving a stipulated sentence eligible for relief under section 1170.91." (*Harrell*, at p. 168.) We concur in the analysis of the *Harrell* decision, which was issued on September 1, 2023, just days after the trial court denied defendant's petition.

In view of the language of section 1170.91 and the *Harrell* decision, we conclude the trial court erred in denying defendant's section 1170.91 petition on the sole basis of his agreement to a stipulated sentence. Accordingly, we reverse the trial court's order and remand for reconsideration of defendant's petition.

_____
Fujisaki, Acting P. J.

WE CONCUR:


_____
Petrou, J.


_____
Rodríguez, J.


*People v. Gomez* (A168710)

3