Filed 3/28/25  P. v. Pacheco CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083599 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVA1200768-3) |
| ANDREW PACHECO, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Bernardino County, Ingrid A. Uhler, Judge.  Reversed and remanded with instructions.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel, Seth M. Friedman and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

Andrew Pacheco appeals from a trial court's order denying his petition for resentencing under Penal Code section 1172.6.  The People concede error. Resolving this matter by memorandum opinion (see generally *People v.*

*Garcia* (2002) 97 Cal.App.4th 847), we accept the concession, reverse, and remand with directions to the trial court to issue an order to show cause.

I.

In 2015, Pacheco pled guilty to murder (Pen. Code, § 187(a)) and admitted it was willful, deliberate, and premeditated. He was sentenced to 25 years to life in prison.

In 2023, Pacheco petitioned the trial court to vacate his conviction and resentence him under section 1172.6. Pacheco alleged (1) the information filed against him allowed the prosecution to proceed under a felony murder theory or the natural and probable consequences doctrine, (2) he pled guilty, and (3) he could not now be convicted of murder.

The trial court summarily denied Pacheco's petition. It judicially noticed and based its decision on Pacheco's admission at his codefendants' section 1172.6 evidentiary hearing that he was the actual killer.

II.

Pacheco claims the trial court engaged in impermissible factfinding at the prima facie stage by relying on his admission to conclude he was the actual killer and ineligible for resentencing under section 1172.6. We review his claim de novo. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony murder and natural and probable consequences doctrines to ensure "murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill No. 1437 amended section 188 to require all principals to murder to act with malice aforethought, except as to felony murder. (§ 188(a)(3).) For a felony murder conviction, the participant must

2

be the actual killer, an aider and abettor to the underlying felony who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life.  (§ 189(e)(1)-(3).)

Senate Bill 1437 established a procedure for an individual convicted under the old murder law to petition the court to vacate the conviction and impose a new sentence.  (Stats. 2018, ch. 1015, § 4; see generally § 1172.6.)  A petitioner may be entitled to relief if (1) the information filed against the petitioner allowed the prosecution to procced under a felony murder theory or the natural and probable consequences doctrine, (2) the petitioner pled guilty, and (3) the petitioner could not now be convicted of murder based on changes to sections 188 and 189.  (§ 1172.6(a).)

After receiving a section 1172.6 petition, the parties submit briefing, and the court must evaluate whether the petitioner has established a prima facie showing for relief before issuing an order to show cause.  (§ 1172.6(c).) The court may not engage in factfinding at the prima facie stage (*People v. Lewis* (2021) 11 Cal.5th 952, 972) and must accept the petitioner's assertions as true (*People v. Curiel* (2023) 15 Cal.5th 433, 463).  The court may only deny a petition at the prima facie stage if the petition and record of conviction conclusively establish the petitioner is ineligible for relief.  (*Id*. at p. 450.)  A prima facie denial is erroneous if based on a plea where a defendant "did not admit that *he acted* with premeditation, deliberation, or intent to kill." (*People v. Eynon* (2021) 68 Cal.App.5th 967, 970-971.)

Here, Pacheco met his initial burden by filing a section 1172.6 petition asserting he could not now be convicted on his plea to the old murder statute based on the changes to sections 188 and 189.  (§ 1172.6(a).)  Rather than request briefing under section 1172.6(c), the trial court took judicial notice of Pacheco's testimony at his codefendants' section 1172.6 evidentiary hearing

3

where he admitted to being the actual killer and denied Pacheco's petition. By taking judicial notice of the transcript, the trial court engaged in impermissible factfinding using evidence outside Pacheco's record of conviction. (*Lewis*, 11 Cal.5th at p. 972.) This was, as the People concede, prejudicial error.

Although Pacheco pled guilty to murder and admitted it was premeditated, deliberate, and willful, this was not enough to deny his petition at the prima facie stage because he did not admit *he personally* acted with malice aforethought. (*Eynon*, 68 Cal.App.5th at pp. 970-971.) Thus, Pacheco's record of conviction does not conclusively establish he is ineligible for relief. (*Curiel*, 15 Cal.5th at p. 450.)

For these reasons, we agree with the People's request that we reverse and remand to the trial court "with directions to issue an order to show cause and conduct an evidentiary hearing under section 1172.6, subdivision (d)."

## III.

We reverse the trial court's order denying Pacheco's section 1172.6 petition and remand for the trial court to issue an order to show cause consistent with this opinion.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

4