Filed 10/8/25  Murray v. Quintero CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| AIS MURRAY,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>YVONNE QUINTERO, et al.,<br><br>  Defendants and Respondents. | A171533<br><br>(Mendocino County Super. Ct.<br>No. 23CV00230) |

## MEMORANDUM OPINION[1]

After Ais Murray sued his former employer (the Hopland Band of Pomo Indians) for wrongful termination and other causes of action, Murray's third amended complaint was dismissed with prejudice and without leave to amend.  In this appeal, Murray challenges two post-judgment orders denying his motions to vacate the judgment and tax costs, respectively.  For the reasons set forth below, Murray's arguments concerning the denial of his motion to vacate judgment are either untimely or forfeited, and his argument concerning the denial of the motion to tax costs is unmeritorious.

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

Accordingly, we will dismiss the appeal as to the untimely claims and affirm the challenged orders in all other respects.

Generally, a notice of appeal is untimely if it has been filed more than "60 days after the party filing the notice of appeal . . . is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service." (Cal. Rules of Court, rule 8.104(a)(1)(B).) Here, Murray filed the notice of appeal on September 17, 2024—many more than 60 days after he was served notice of entry of judgment on May 14, 2024. And because Murray's motion to vacate judgment was also filed after the expiration of the 60-day period "prescribed by rule 8.104 to appeal from the judgment," that motion did not extend the time to appeal from the judgment. (Cal. Rules of Court, rule 8.108(c).) Thus, any appeal from the judgment in this case is untimely.

Moreover, to allow an appeal from the denial of a motion to vacate a judgment "would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment." (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 358.) For that reason, "[a]n order denying a motion to vacate an appealable judgment is generally not appealable if such appeal raises only matters that could be reviewed on appeal from the judgment itself." (*Ibid.*) As we explain below, this rule precludes several of Murray's claims regarding the denial of his motion to vacate judgment.

Of the seven questions raised in Murray's opening brief, the first six concern his motion to vacate judgment. First, he argues the superior court allowed a "hearing [on the defendants' motion to quash] to take place without proper filing (no motion or motion fee paid) of a motion having been completed." The hearing in question took place before Murray received notice

2

of entry of judgment, and Murray had already made the filing-fee argument months before that, so he certainly could have made this argument in an appeal from the judgment. The same is true for Murray's second claim, alleging the superior court "allow[ed] a motion hearing to take place following a Judge accepting receipt of a motion when no motion fee was paid in a timely manner to the court." And the rule from *Rooney* applies even more straightforwardly to Murray's fifth and sixth claims, which respectively concern matters of tribal and individual immunity that go to the facial validity of the complaint dismissed in the final judgment.

As for Murray's third and fourth claims, they are irrelevant to the challenged order. In his third claim, Murray objects to the way in which the superior court allegedly made Murray's "correspondence with the court public while maintaining correspondence with the Defense private." In his fourth claim, Murray contends the superior court treated "him (Pro se) and his actions differently than they treat[ed] lawyers (Defense Team)." But these claims—when they do not simply reargue the untimely issues discussed above—discuss matters that were not presented to the superior court in Murray's motion to vacate judgment. " 'It is axiomatic that arguments not raised in the trial court are forfeited on appeal.' " (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1074.) Thus, to whatever extent these third and fourth claims present matters that could not have been raised in an appeal from the judgment, they nevertheless provide no basis for concluding the superior court ruled incorrectly on Murray's motion.

Finally, there is Murray's seventh claim, which challenges the order denying his motion to tax costs. As it appears in Murray's opening brief, this claim is wholly unsupported by any citation to legal authority, and we

3

therefore " 'treat the contention as waived.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

## DISPOSITION

The appeal is dismissed as to Murray's first, second, fifth, and sixth claims. In all other respects, we affirm. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____

Smiley, J.

WE CONCUR:


_____

Banke, Acting P. J.


_____

Langhorne Wilson, J.


*Murry v. Quintero* A171533