Filed 12/1/25  P. v. Lawson CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B338790 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA145980) |
| v. | |
| KARNELL SEAN LAWSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo Ocampo, Judge.  Reversed and remanded.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

─────────────────────

**MEMORANDUM OPINION**[1]

Defendant and appellant Karnell Sean Lawson appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[2] The People concede, and we agree, that the trial court erred in concluding Lawson was ineligible for relief solely because he pled guilty to attempted murder after the effective date of Senate Bill No. 1437. We reverse and remand.

**BACKGROUND**

In October 2018, the People filed an information charging Lawson and six codefendants in connection with shootings that took place on August 4, 2016. The information charged all defendants with special circumstances murder (§§ 187, subd. (a), 190.2, subd. (a)(21), (22); count 1); three counts of attempted murder (§§ 664, 187, subd. (a); counts 2, 3, 5); shooting at an occupied vehicle (§ 246; count 4); and shooting at an inhabited dwelling (§ 246; count 6). The information alleged gang enhancements (§ 186.22, subd. (b)) and firearm enhancements (§ 12022.53, subds. (d), (e)) as to each count. Lawson and his codefendants were alleged to have shot at multiple victims, some of whom were rival gang members, from a "multi-car caravan."

─────────────────────

[1] We resolve this matter by memorandum opinion, consistent with California Standards of Judicial Administration, section 8.1. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855.)

[2] Further undesignated statutory references are to the Penal Code.

2

In November 2019, the People and Lawson entered into an immunity and plea agreement affording Lawson leniency in exchange for his truthful testimony in other prosecutions. Pursuant to the agreement, Lawson pled guilty to all counts in the information and to an additional count of voluntary manslaughter. As to all counts, Lawson also admitted principal use of a firearm enhancements under section 12022.53, subdivisions (c), (d), and (e)(1).

In February 2020, the trial court concluded Lawson had completed his testimonial obligations. Pursuant to the plea agreement, Lawson withdrew his pleas to counts 1, 4, and 6 and pled guilty to the attempted murder and voluntary manslaughter counts only. The court sentenced Lawson to an aggregate term of 28 years: 11 years for the voluntary manslaughter conviction, 10 years on the firearm enhancement for voluntary manslaughter, and the midterm of two years and four months on each of the three attempted murder convictions.

On January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) eliminated the natural and probable consequences doctrine as a basis for murder and limited the scope of the felony murder rule. (Stats. 2018, ch. 1015, § 1, subd. (f).) In October 2020, Lawson filed a form petition for resentencing under former section 1170.95, now section 1172.6. The trial court denied the petition because Lawson entered his plea after Senate Bill No. 1437 took effect, and because Lawson was not convicted of murder, which was the sole offense qualifying for resentencing relief under the statute at the time. A different panel of this division affirmed the trial court's order. (*People v. Lawson* (July 9, 2021, B309899) [nonpub. opn.].)

3

On January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill No. 775) further amended the Penal Code to eliminate the natural and probable consequences doctrine as a theory of liability for attempted murder.  (§ 1172.6, subd. (a).)  Less than two weeks later, Lawson filed a second form petition for resentencing pursuant to section 1172.6.  The People conceded that Lawson's petition made a prima facie showing of eligibility.  The court issued an order to show cause and prepared to set the matter for an evidentiary hearing.

However, in May 2024, relying on *People v. Reyes* (2023) 97 Cal.App.5th 292 (*Reyes*), the trial court vacated its order to show cause.  The court denied Lawson's petition after concluding he was ineligible for resentencing because he entered his plea after Senate Bill No. 1437's amendments to the Penal Code became effective.  Lawson timely appealed.

## DISCUSSION

Lawson contends the trial court erred in concluding he was ineligible for section 1172.6 relief solely because he pled guilty to attempted murder after the effective date of Senate Bill No. 1437.  The People concede the error, and we agree.

Lawson's 2019 plea did not categorically preclude him from establishing prima facie eligibility for section 1172.6 resentencing as to his attempted murder convictions.  Unlike the defendant in *Reyes*, who sought resentencing on a *murder* conviction that was the result of a plea he entered after Senate Bill No. 1437 amended the law (*Reyes*, *supra*, 97 Cal.App.5th at p. 296), Lawson seeks resentencing on attempted murder convictions.  Although Lawson entered his plea after Senate Bill No. 1437's effective date, the law was unsettled at the time as to whether Senate Bill No. 1437's amendments to section 188 applied to

attempted murder.  (Compare *People v. Flores* (2020) 44 Cal.App.5th 985, 993–994 [finding Sen. Bill No. 1437 limited relief to defendants convicted of murder] with *People v. Sanchez* (2022) 75 Cal.App.5th 191, 193 [describing previous conclusion, before passage of Sen. Bill No. 775, that Sen. Bill No. 1437 eliminated natural and probable consequences doctrine for attempted murder].)  This question was not resolved until 2022, when Senate Bill No. 775 expressly extended resentencing relief to defendants convicted of attempted murder on a natural and probable consequences theory.  (*Sanchez*, at p. 196.)  When Lawson pled guilty to attempted murder in 2019, it was still possible that he could have been convicted of attempted murder based on the natural and probable consequences doctrine.  The date of his plea therefore does not render him ineligible for resentencing relief under section 1172.6 as a matter of law.

Further, as the People concede, the record of conviction does not eliminate the possibility that the People could have prosecuted Lawson for attempted murder under the natural and probable consequences doctrine.  (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)  The record of conviction here consists of the information, the preliminary hearing transcript, and the transcript of the plea hearing.  Lawson was charged with several codefendants who were also alleged to have shot at the victims. The People concede that "[n]othing in the preliminary hearing transcript necessarily rules out the possibility that the prosecution could have prosecuted [Lawson] under the natural and probable consequences doctrine. . . .  [T]he evidence does not appear to suggest that the prosecution absolutely was going to limit itself, or had to plausibly limit itself, to an actual shooter theory if the case went to trial based on the case it presented at

5

the preliminary hearing." We agree. Lawson established his prima facie eligibility for section 1172.6 relief as to his attempted murder convictions.

However, to the extent Lawson asks this court to reverse the trial court's order with respect to his voluntary manslaughter conviction, we reject the request.

Senate Bill No. 775 added manslaughter to section 1172.6, but only to clarify that persons " 'convicted of manslaughter *when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine . . .* [may] apply to have their sentence vacated and be resentenced.' " (*People v. Lezama* (2024) 101 Cal.App.5th 583, 590, italics added, quoting Sen. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021–2022 Reg. Sess.) as amended Feb. 19, 2021, p. 3.) As explained in *Lezama* and *People v. Gallegos* (2024) 105 Cal.App.5th 434, 443, defendants who pled guilty to voluntary manslaughter *after* Senate Bill No. 1437 eliminated imputed malice theories for murder cannot show they could have been convicted of murder under an invalid theory. (See *Reyes*, *supra*, 97 Cal.App.5th at p. 299.) Indeed, Lawson concedes on appeal that *Lezama* and *Gallegos* "might preclude relief on Lawson's conviction for voluntary manslaughter as the record now stands based on Lawson's checkbox form petition and the date of his plea."

Lawson nonetheless requests that we remand to provide him an opportunity to introduce "additional facts," relying on *People v. Patton* (2025) 17 Cal.5th 549. Yet, Lawson's ineligibility for relief is based on the date of his plea, a fact he cannot dispute. No additional facts would make Lawson eligible for resentencing on his voluntary manslaughter conviction, and his reliance on

*Patton* is misplaced.  (See *People v. Medrano* (2024) 98 Cal.App.5th 1254, 1264 [law of the case barred successive appeal from denial of § 1172.6 petition because no new evidence would change legal conclusion in previous opinion].)

## DISPOSITION

The trial court's May 24, 2024, order denying Lawson's petition for resentencing is reversed.  The matter is remanded for issuance of an order to show cause and an evidentiary hearing pursuant to section 1172.6 on Lawson's attempted murder convictions.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.


We concur:



EDMON, P. J.



EGERTON, J.