Filed 3/23/26  P. v. Grimes CA2/4
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B336757 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA033697) |
| v. | |
| GERALD RICHARD GRIMES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard H. Kirschner, Judge.  Remanded with instructions.

Milena N. Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Ana R. Duarte, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

In 2000, a jury found Gerald Grimes guilty of inflicting corporal injury on a spouse (§ 273.5, subd. (a), count 1), and making terrorist threats (former § 422, count 4). (*People v. Grimes* (Feb. 28, 2001, B140435) [nonpub. opn.].) The court sentenced Grimes to concurrent terms of 26 years to life on count 1 and 39 years to life on count 4; the sentences included enhancements under sections 667, subdivision (a)(1); 667.5, subdivision (b); and 12022, subdivision (b)(1). (*Ibid.*)

In 2022, Grimes petitioned for resentencing under former section 1171.1, later renumbered as section 1172.75, which invalidated certain sentence enhancements based on prior convictions. Grimes also submitted evidence of his rehabilitation and disciplinary infractions while in prison. The People opposed Grimes's motion.

After several continuances and additional briefing by the parties, the court resentenced Grimes on February 14, 2024. The court dismissed the enhancements and denied Grimes's *Romero*[2] motion. The court resentenced Grimes to 25 years to life on count 1 as a third strike, and a concurrent term of 25 years to life on count 4. Grimes timely appealed.

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Welfare and Institutions Code.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal. 4th 497.

Grimes asserts that that the trial court erred in resentencing him on count 1. He contends that following the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Reform Act), corporal injury of a spouse, which under the circumstances was not a serious or violent felony under the Penal Code, should not be sentenced as a strike offense. The People concede this point under the circumstances of this case.

In an opinion filed June 17, 2025, a different panel of this division followed published case law holding that resentencing to apply Reform Act changes was not authorized in the context of resentencing under section 1172.75. (*People v. Grimes* (June 17, 2025, B336757) [nonpub. opn.].) Grimes petitioned our Supreme Court for review. The Supreme Court granted review and deferred the matter; it later transferred this case to us with instructions to vacate our opinion and reconsider the cause in light of *People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838 (*Guevara*).

*Guevara* requires us to remand for a new resentencing hearing. *Guevera* held that the Reform Act and section 1172.75 may be interpreted to "operate harmoniously, [so that] the revised penalty provisions of the Reform Act may constitutionally apply at a resentencing pursuant to section 1172.75." (*Guevara, supra*, 18 Cal.5th at p. 850.) The court held that "section 1172.75, when applied to Third Strike defendants seeking relief from their indeterminate terms under the Reform Act's ameliorative provisions, incorporates the substantive requirements of" the Reform Act, including the resentencing provisions in section 1170.126. (*Guevara, supra*, 18 Cal.5th at p. 861.) The court stated that for purposes of resentencing, section

3

1172.75 "incorporate[s] section 1170.126's discretionary public safety override." (*Id*. at p. 862; see § 1170.126, subd. (f) [a trial court shall resentence an eligible defendant "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety"].) Thus, a petitioner such as Grimes who is being resentenced under section 1172.75 "is entitled to a full resentencing provided that he can satisfy the substantive eligibility criteria established in section 1170.126 to obtain resentencing pursuant to the revised penalty provisions of the Reform Act." (*Guevara, supra*, 18 Cal.5th at p. 877.)

The Supreme Court remanded the matter in *Guevara* with the following instructions: "If the superior court determines that resentencing [Guevara] pursuant to the revised penalty provisions of the Reform Act would 'pose an unreasonable risk of danger to public safety,' the court shall reimpose an indeterminate term.[ ] (§ 1170.126, subds. (f)-(g).) If the superior court does not determine that resentencing [Guevara] would 'pose an unreasonable risk of danger to public safety,' and [Guevara] is otherwise eligible under the Reform Act, the court shall resentence [Guevara] pursuant to the revised penalty provisions of the Reform Act.[ ] (§§ 1170.126, subds. (f)-(g), 1170.12, subd. (c)(1), (2)(C), 1172.75, subd. (c).)" (*Guevara, supra*, 18 Cal.5th at p. 878.) A similar result is required here.

Because we remand for resentencing, Grimes's additional appellate claims of error regarding his sentence are moot and we do not address them. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is

appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].)

## DISPOSITION

We remand the case to the trial court with directions to vacate the February 2024 sentence, and reconsider Grimes's request for resentencing under the guidance of *Guevara*.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P. J.

We concur:

MORI, J.

TAMZARIAN, J.

5