Filed 4/28/26  Robert D. v. County of Contra Costa CA1/1
Reposting correct version

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| ROBERT D., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> COUNTY OF CONTRA COSTA, <br><br> Defendant and Respondent. | A170109 <br><br> (Contra Costa County <br> Super Ct. No. C22-01370) |

## MEMORANDUM OPINION[1]

Robert D. brought negligence claims against Contra Costa County (the County) alleging that when he was approximately 15 years old, the County placed him in a group foster home facility where a staff member sexually abused him.  In 2022, Robert D. sued the County for negligence, citing the Government Claims Act (Gov. Code, § 905 et seq.), which was amended three years earlier by Assembly Bill No. 218 (Stats. 2019 (2019–2020 Reg. Sess.) ch. 861) to add subdivision (m), exempting certain claims for childhood-

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  Although not requested to do so, we observe personal privacy interests by referring to the plaintiff as Robert D.  (Cal. Rules of Court, rule 8.90(b)(10).)

sexual-assault damages from the usual presentation requirements for claims against public entities. The County filed a motion for judgment on the pleadings, arguing subdivision (m)'s retroactive elimination of the claim-presentation requirement violates the gift clause of the California Constitution. (Cal. Const., art. XVI, § 6 [prohibiting the Legislature from making any gift of public funds].) The superior court granted that motion on February 5, 2024—approximately five months before Division Five of this court held that subdivision (m)'s waiver of the claim-presentation requirement is *not* a gift of public funds. (*West Contra Costa Unified School Dist. v. Superior Court* (2024) 103 Cal.App.5th 1243, 1257 (*West Contra Costa*).)

In this appeal, Robert D. contends the superior court erred in granting the motion for judgment on the pleadings. In light of *West Contra Costa*, whose reasoning is not in any way disturbed by the County's arguments on appeal, our de novo review agrees with Robert D. We will therefore reverse the judgment and remand the matter for further proceedings.

Under the gift clause, "which forbids the legislature from making any gift of public money or other thing of value to any person, the legislature has no power to *create* a liability against the state for any such past act of negligence upon the part of its officers." (*Chapman v. State* (1894) 104 Cal. 690, 693 (*Chapman*).) As the County concedes, *West Contra Costa* and at least two other appellate court opinions have held that subdivision (m) does not run afoul of that principle.[2] This is because the rule in "*Chapman* focused on whether the underlying conduct for which the Legislature

---

[2] See *O.B. v. Los Angeles Unified School Dist.* (2025) 113 Cal.App.5th 930, 942 and *R.L. v. Merced City School Dist.* (2025) 114 Cal.App.5th 89, 116, each holding Assembly Bill No. 218's elimination of the presentation requirement does not violate the gift clause.

provided a right to sue was conduct for which the state was *liable at the time it occurred.*" (*West Contra Costa*, *supra*, 103 Cal.App.5th at p. 1259.) Thus, if a public entity's substantive liability for sexual-assault damages resulting from negligence existed at the time the alleged wrongful conduct occurred, later changes to the presentation requirements for such a claim do not *create* a liability in the relevant sense, and in turn, are not violations of the gift clause. (*Id*. at p. 1261.)

In its brief, the County argues that these opinions rest on a "misreading" of *Chapman*. According to the County, the "relevant import of the *Chapman* decision is that creating a new negligence liability (a new *right*) violates the gift clause, but providing a new contract cause of action (a new *remedy* for preexisting liability) does not." This, in itself, is a misreading of *Chapman*, which was not so categorical with respect to negligence liability. *Chapman* dealt with a shipment of some one hundred and thirty tons of coal that were received at a public wharf in San Francisco. (*Chapman*, *supra*, 104 Cal. at p. 692.) According to the complaint, the coal sank into the San Francisco Bay when "a large portion of the wharf . . . broke and gave way 'by reason of the negligence, omission, and carelessness of' " the defendant public entity and " 'its officers, and agents, . . . in failing and neglecting to keep said wharf in good and sound condition and repair.' " (*Ibid*.)

The " 'state board of examiners' " rejected "a claim for the damages so sustained," but after the events underlying the complaint, the Legislature enacted a statute providing that " '[a]ll persons who have, or shall hereafter have, claims on contract or for negligence against the state, not allowed by the state board of examiners, are hereby authorized, on the terms and conditions herein contained, to bring suit thereon against the state in any of the courts of this state of competent jurisdiction, and prosecute the same to

3

final judgment.' " (*Chapman*, *supra*, 104 Cal. at p. 692–693.)  With respect to the damages suffered on the wharf, our Supreme Court opined that the gift clause would preclude an action "arising out of the negligence of the officers of the state in the discharge of a strictly governmental duty . . . ." (*Id.* at p. 694.)  But this was not because the gift clause categorically precludes such claims; rather, it was because it was "well settled that, in the absence of a statute voluntarily assuming such liability, the state is not liable in damages for the negligent acts of its officers while engaged in discharging ordinary official duties pertaining to the administration of the government of the state." (*Id.* at p. 693.)  In other words, at the time the coal sank into the bay, well-settled law precluded the state from being liable for such damages.[3]  By contrast, there is no suggestion here that the state was similarly immunized from liability for sexual-abuse damages at the time Robert D. allegedly suffered sexual abuse.

For those reasons, we see no ground for departure from *West Contra Costa* and the cases appropriately following its persuasive analysis.

---

[3] Although the gift clause prevented the plaintiff in *Chapman* from suing for negligence, our Supreme Court recognized that the alleged negligent conduct also constituted a breach of contract, and because the state had always been liable upon its contracts, the newly enacted law's authorization of a breach-of-contract action did not violate the gift clause. This is because the law did not create a new liability or cause of action, but "merely gave an additional remedy for the enforcement" of a preexisting liability. (*Chapman*, at p. 696; *R.L. v. Merced City School Dist.*, *supra*, 114 Cal.App.5th at p. 116.)  Following *West Contra Costa*, we too view these circumstances as "perfectly analogous to the claim presentation requirement at issue in the present case," and reject the County's arguments to the contrary. (*West Contra Costa*, *supra*, at p. 1259–1264.)  In light of that conclusion, we need not reach issues regarding the "public purpose" exception to the gift clause prohibition.

4

## DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings.

_____

SMILEY, J.


WE CONCUR:




_____

BANKE, Acting P. J.




_____

LANGHORNE WILSON, J.








*Robert D. v. County of Contra Costa* / (A170109)