Filed 5/19/26  In re Pablo C. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re PABLO C., a Person Coming Under the Juvenile Court Law. | B345657 (Los Angeles County Super. Ct. No. 22CCJP02557A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| S.S., | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of the County of Los Angeles, Craig S. Barnes, Judge.  Affirmed.

Donna P. Chirco, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Pablo C. (born 2017) was declared a dependent of the juvenile court in 2022, and adoption was ordered as his permanent plan in 2024. S.S. (mother) appeals from an order issued after a permanency planning review hearing in February 2025. She contends the court erred in continuing to designate adoption as Pablo's permanent plan because his maternal grandmother (grandmother) was never assessed for placement. We conclude mother forfeited her claim of error and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

In August 2022, the juvenile court declared Pablo a dependent based on a petition alleging a history of domestic violence between mother and a boyfriend in front of Pablo, mother's permitting a current methamphetamine user to reside with and have unlimited access to Pablo, and mother's mental and emotional problems that led to a suicide attempt. Reunification services were ordered for mother, including a

---

[1]     We do not recite the entire factual and procedural background, as the parties are familiar with the facts of the case and its history. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) Undesignated statutory references in this opinion are to the Welfare and Institutions Code.

2

psychiatric evaluation, counseling, and drug testing.[2]  Pablo was placed with foster parents.

At the 12-month review hearing in August 2023, the court terminated reunification services due to mother's unsubstantial progress and set a section 366.26 permanency planning hearing for January 2024.  At the August hearing, mother requested that grandmother be considered for placement.  The court ordered mother's counsel to prepare a relative information form with grandmother's information, but no such form appears in the record, and DCFS's reports do not indicate it ever received one.  DCFS assigned an adoption social worker to explore permanency options for Pablo.

At the initial section 366.26 hearing in January 2024, mother's counsel objected to the termination of mother's parental rights and offered a candidate for Pablo's permanent placement, Graciela G., the partner of maternal grandfather.  The court did not terminate parental rights and ordered DCFS to follow up with Graciela G.  It continued the section 366.26 hearing to May 2024.

A permanency planning review hearing was conducted in February 2024.  The court found DCFS made reasonable efforts and took necessary steps to finalize Pablo's permanent placement, and it ordered placement in foster care with adoption as the permanent plan.  Mother's counsel did not object to the findings and order and confirmed that mother still agreed with DCFS's assessing Graciela G. for placement.

Before the May 2024 section 366.26 hearing, DCFS reported ongoing communications with Graciela G., who was

---

[2]     Pablo's biological father is deceased.

3

interested in adopting Pablo but could not commit until she found a new residence. The hearing was continued to August 2024 at DCFS's request.

Graciela G. thereafter ceased communicating with DCFS. Pablo matched with another applicant family interested in adoption, and DCFS turned its efforts to them. Ultimately, however, these applicants removed themselves from consideration.

A combined permanency planning review and section 366.26 hearing was conducted in August 2024. The court found DCFS made reasonable efforts and took necessary steps to finalize Pablo's placement, reiterated its order of adoption as the permanent plan, and continued the section 366.26 hearing to December 2024. Subsequently, the section 366.26 hearing was continued to April 2025.

A permanency planning review hearing was conducted on February 27, 2025. DCFS had not yet found an adoptive home for Pablo. The court reiterated that adoption remained the permanent plan and found DCFS "has complied with the case plan by making reasonable efforts, including whatever steps are necessary to finalize the permanent placement of the child."

Mother appeals from the February 27, 2025, order.

## DISCUSSION

On appeal, mother "challeng[es] the order of adoption as the permanent plan." The court, she argues, was obligated under section 366.3, subdivision (h)(1)[3] to consider Pablo's placement

---

[3] At a permanency planning review hearing required by section 366.3, the juvenile court "shall consider all permanency

4

with grandmother at the February 2025 review hearing but did not do so.  She also suggests the court violated other statutory obligations to consider relatives for placement when Pablo was initially removed from the home (§ 309, subd. (e)[4]); removed from her custody (§ 358, subd. (b)(2)[5]); and upon a relative's request for placement (§ 361.3[6]).  Mother asks us to reverse the order designating adoption as Pablo's permanent plan and remand "for proper consideration" of grandmother for relative placement.

DCFS contends mother has forfeited her arguments by failing to raise them in the juvenile court.  (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 222 [forfeiture applies in juvenile dependency and is "intended to prevent a party from standing by silently until the conclusion of the proceedings"].)  Mother does not dispute that she raises her arguments for the first time on appeal, but she urges us to consider them because doing so would

planning options for the child including whether the child should be . . . placed with a fit and willing relative . . . ."  (§ 366.3, subd. (h)(1).)

[4]      Within 30 days of removing a child from the home, the social worker must use due diligence in conducting an investigation to identify and locate the child's adult relatives. (§ 309, subd. (e)(1), (3).)

[5]      When a child is removed from a parent's custody, the court is required to make a finding as to whether the social worker exercised due diligence in conducting the investigation required by section 309. (§ 358, subd. (b)(2).)

[6]      Under section 361.3, subdivision (a), when a child is removed from the parents' physical custody, "preferential consideration shall be given to a request by a relative of the child for placement of the child with the relative . . . ."  The section lists factors that must be considered in deciding whether placement with a relative is appropriate.

5

result in no unfairness. We agree with DCFS that mother's arguments are forfeited.

Mother does not argue or cite record evidence to show grandmother ever requested to have Pablo placed with her. Mother did not identify grandmother as a candidate for placement until her reunification services were terminated in August 2023. Mother does not show she complied with the court's order to furnish DCFS with a relative information form. In addition, she did not appeal from the August 2024 order approving adoption as the permanent plan for Pablo.

Instead, when discussing adoption with the court, mother requested consideration of a nonrelative, Graciela G. When Graciela G. did not adopt Pablo, DCFS reported its efforts to find another adoptive home. Shortly before the February 27, 2025, review hearing, DCFS reported that Pablo matched and met with a different prospective adoptive family. At the February 27 hearing, the court invited mother's counsel to raise any issues he wanted addressed before it made its findings, but he identified none. The court then reiterated its findings that DCFS's efforts to finalize Pablo's placement had been reasonable and adoption remained the permanent plan without comment by mother's counsel.

Had mother argued section 361.3, among other provisions, created a statutory duty to assess grandmother below, the juvenile court could have considered that argument before repeatedly ordering adoption as the permanent plan. She did not do so. We will not address mother's challenges for the first time

6

on appeal.[7]  (*In re A.K.* (2017) 12 Cal.App.5th 492, 500–501, citing § 395 [holding father forfeited argument that "social worker had not complied with statutory requirements in pursuing the paternal grandmother as a relative placement" by failing to raise the issue in the juvenile court].)

Although mother has forfeited her appellate arguments challenging the juvenile court's February 27, 2025, order, we observe her hope to have grandmother assessed for placement persists.  We take judicial notice of an order dated March 12, 2026.  (Evid. Code, §§ 459, subds. (a)–(c), 455, 452, subd. (d).)  It requires DCFS "to assess placement with the Maternal Grandmother in Guatemala."  It continues the section 366.26 hearing to June 11, 2026.

---

[7]     We have liberally construed mother's notice of appeal to encompass the juvenile court's February 27, 2025, order.  We note, however, that mother stated nothing about the court's failure to assess grandmother for Pablo's placement in the notice either.  She only wished to have Pablo returned to her own custody.

## DISPOSITION

We affirm the order issued after the February 27, 2025, permanency planning hearing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

ZUKIN, P. J.

TAMZARIAN, J.